## Staunton

KEMPSVILLE MEADOWS, INC. v. PAUL A. SCHWEMLEY.

September 4, 1970.

Record No. 7160.

Present, All the Justices.

*W. Leigh Ansell* (*Ansell, Butler and Canada*, on brief), for appellant.

No brief or argument for appellee.

Per Curiam.

In this suit for specific performance, the circuit court decreed the conveyance of a house and lot in the city of Virginia Beach from Kempsville Meadows, Inc., to Paul A. Schwemley and awarded the latter $1,280 damages for Kempsville's failure to convey the property on the date set for settlement. From the final decree, we granted Kempsville an appeal "limited to the consideration of whether the said circuit court is correct in awarding $1,280 damages to Paul A. Schwemley."

The decree awarding damages to Schwemley comes to us with a presumption of correctness in its favor. The burden is upon Kempsville, the party appealing, to point out the error in the decree and to show how and why it is wrong. And the decree stands until that burden has been met. *Wright and Hunt, Inc.* v. *Wright*, 205 Va. 454, 460, 137 S.E.2d 902, 907 (1964); *Stutzman* v. *Nash & Son*, 189 Va. 438, 443, 53 S.E.2d 45, 47 (1949).

Kempsville has not borne its burden. It alleges that the award of damages was "speculative and uncertain." But that is not enough. Kempsville does not go further and show how and why the award was in error. It has not presented any sound basis upon which a reversal of the decree would be justified, and it is not the duty or the province of this court to search for such a basis.

Under these circumstances, the inevitable result is the affirmance of the decree.

*Affirmed.*