## Norfolk
STEVEN HOWARD KAUFMAN

v.

DEBORAH SCOTT BARNEY KAUFMAN

No. 1510-86-1

Decided December 20, 1988

COUNSEL

Jerrold G. Weinberg, Weinberg & Stein (Debra C. Albiston, on brief), for appellant.

Henry M. Schwan, for appellee.

OPINION

**BAKER, J.**—Steven Howard Kaufman (husband) appeals from a decree of the Circuit Court of the City of Norfolk (trial court) granting Deborah Scott Barney Kaufman (wife) a divorce *a vinculo matrimonii*, spousal support, child support, a monetary award pursuant to Code § 20-107.3, a share of husband's retirement plans, attorney's fees and costs. Husband alleges that the trial court erred in: (1) fixing the amounts of monthly spousal and child support prior to determining the monetary award; (2) failing to consider wife's earning capacity; (3) awarding $34,000 lump sum spousal support; (4) awarding an excessive portion of the value of the non-pension marital property; (5) valuing the pension as of the date of the commissioner's hearing; and (6) awarding an excessive amount of attorney's fees and costs to wife.

Wife cross-appealed, asserting that the trial court erred in holding that the value of husband's interest in Pulmonary Consultants of Tidewater, Inc. was controlled by a buy/sell agreement, thereby causing the monetary award to be inadequate.

The parties married May 20, 1973 and have one child born in 1981. On November 29, 1982, husband left the parties' marital home in Norfolk. The parties did not cohabit after that date. Wife filed a bill of complaint on November 25, 1983 seeking a divorce and asking that she be awarded custody of their child, spousal and child support, equitable distribution of the marital property, attorney's fees and costs. A decree was entered February 8, 1984 referring the matter to a commissioner in chancery.

At the time of the marriage, husband, who had recently graduated from medical school, was employed as a resident at Chapel Hill Memorial Hospital in North Carolina. He worked there for five years during which time wife worked as an assistant manager of a clothing store. At the end of the five years the parties moved to Ohio where husband joined a practice specializing in pulmonary medicine. While there, wife was not employed. In 1980, the parties relocated to Norfolk where husband became employed by a professional corporation. Husband's salary is approximately $120,000 per year. After moving to Norfolk wife did not work outside the home.

The final decree of divorce, entered November 28, 1986, *nunc pro tunc* September 8, 1986, awarded wife a divorce on the ground of husband's desertion, custody of the parties' child, $900 monthly child support, $3,000 monthly spousal support, $34,000 lump sum spousal support, an equitable distribution monetary award of $30,264, $14,780 in pension benefits when received, $9,471.94 in attorney's fees and $1,250 in costs.

The parties' home and its furnishings were jointly owned. The equity in the home and furnishings was valued at $30,000 and $5,315, respectively. The trial court found that some of the jewelry solely owned by wife was marital property valued at $4,010. The trial court also found husband to be the sole owner of other property that it classified as non-pension marital property valued at $29,254.

In addition, using the date of the hearing before the commissioner as the valuation date, the trial court determined that husband's Individual Retirement Account, Profit Sharing Plan and Money Purchase Plan were worth $2,000, $20,060, and $7,500, respectively. Husband contends that the pension fund valuations should have been made as of the date of filing the bill of complaint.

After the parties separated, husband by purchase contract acquired a one-third interest in Pulmonary Consultants of Tidewater, Inc. (Pulmonary). The commissioner reported that in his opinion the value of husband's interest in Pulmonary was $187,500. The trial court examined the purchase contract and held that its terms were controlling in determining husband's interest in Pulmonary. It further held that interest had a negative value of $8,051. In making its monetary award the trial court deducted this negative value from the total it determined to be the basis for the monetary award.

In the final decree the trial court ordered husband to pay to wife a monetary equitable distribution award of $30,264. In addition, the court ruled that wife was entitled to one-half of the values of husband's Individual Retirement Account, Profit Sharing Plan and Money Purchase Plan, to be paid at the rate of fifty percent of the benefits when received by husband or to be paid in a lump sum discounted to present value.

Prior to the final decree, the trial court forwarded a letter opinion dated June 17, 1986 to both counsel that, in part, advised the parties of the amount of the lump sum and monthly spousal support and child support it would require husband to pay to wife. The opinion also listed the property, but not its value, owned by the parties to be considered in making an equitable distribution award and advised of its intent to award amounts equal to one-half of their value. It instructed counsel to calculate the values of the property it classified as marital property and present them to the court for entry in the final decree. The final decree reflected the values assigned and included wife's solely owned jewelry, the parties' equity in the home and furnishings, and the other marital property.

## I. *Spousal and Child Support*

As noted on June 17, 1986, the trial judge advised counsel that he had reviewed the commissioner's recommendations as to spousal and child support along with wife's list of projected expenses and that he had found them to be reasonable "for a person in her socio-economic stage." Exceptions to the support recommendations made by the commissioner were overruled and the trial court held that in addition to monthly child support of $900, husband would be required to pay wife $3,000 monthly spousal support plus a lump sum spousal support award of $34,000. In the June 17 letter, the trial court further determined that wife was entitled to receive one-half of the then undetermined values of various marital property. At the time the trial court made the monthly and lump sum spousal support award and child support award it was not known and could not be anticipated what income, if any, would be available to wife from the monetary award she was to receive.

■ We do not exclude the possibility that a trial court may have reason to enter a spousal support award prior to the entry of its equitable distribution award; however, no such reason is apparent in this record. Here, it was reversible error for the trial court to make its final award requiring husband to pay a lump sum or periodic spousal support award to wife for herself and their child, without considering the income which may result from the monetary award, if any, to which wife would be entitled. *See* Code §§ 20-107.1(8); 20-107.2(2)(g); 20-107.3(F). On remand we direct

that the support issues be reconsidered in light of the need for such award and ability to pay after the monetary awards have been determined. *See Collier v. Collier*, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).

## II. *Wife's Earning Capacity*

■ The judgment of the trial court concerning the extent to which the wife's earning capacity should affect spousal and child support awards will not be set aside unless it appears from the evidence that such judgment is plainly wrong or without evidence to support it. Code § 8.01-680. This was a marriage of nine years brought to an end through no fault of wife when the child of the parties was only a few months old. In addition, the record discloses she suffered adverse mental and physical problems which the court may have considered to have been caused by the marital difficulties. We have examined the evidence contained in this record and find that it is sufficient to support the judgment of wife's present inability to engage in compensable work, especially in view of the need for her to care for the infant child.

## III. *The Monetary Award from Non-Pension Marital Property*

In its June 17, 1986 letter to counsel the trial court advised that "the complainant (wife) is entitled to have the Court consider one-half of the value of various properties owned by the parties, either separately or jointly." He directed counsel to agree and advise the court as to the respective values of the several properties so that the monetary award could be made. In relevant part, the final decree provided:

And the Court having maturely considered all of the evidence and all factors and provisions as required by Section 20-107.3, Virginia Code, and the Court finding that the marital property and value (as of August 9, 1984) thereof is as follows:

Marital Home (jointly titled and
owned as Husband and Wife) $100,000 Fair Market Value
 - 70,000 Deed of Trust
 Equity $30,000

| | |
|---|---:|
| Jewelry (Wife owns) | 4,010 |
| Personality in Marital Home (owned jointly Husband and Wife) | 5,315 |
| Life Insurance - Cash Value (Husband owns) | |
| Policy No. 104682 | 8,613 |
| Policy No. 1338859 | 1,717 |
| IRA (Husband owns) | 2,000 |
| Profit Sharing Plan (includes rollover) (Husband owns) | 20,060 |
| Money Purchase Plan (Husband owns) | 7,500 |
| Checking Account (Husband owns) | 508 |
| Savings Account (Husband owns) | -0- |
| Money Market Account (Husband owns) | -0- |
| 1979 Audi (Husband owns) | 5,800 |
| 1983 Peugeot (Fair Market Value $11,725/ lien $10,143) (Husband owns) | 1,582 |
| Brambleton Medical Associates (Husband owns) | 11,034 |
| Pulmonary Consultants of Tidewater (Husband owns a "negative" value under Buy/Sell Agreement) | <8,051> |

it is further ADJUDGED, ORDERED, and DECREED that the defendant Steven Howard Kaufman shall pay to the complainant Deborah Scott Barney Kaufman now the sum of $30,264.00 as a monetary award pursuant to that Code Section 20-107.3, Virginia Code, no part of which is a share of defendant's I.R.A., Profit Sharing Plan, or Money Purchase Plan.

■ The trial court first must classify the property as separate or marital property; it then must determine the value of the property. Having classified and valued the property, the court is authorized "to make an *equitable distribution* of the marital property." *Smoot v. Smoot*, 233 Va. 435, 441, 357 S.E.2d 728, 731 (1987) (emphasis added). Our review of the trial court's June 17 letter unmistakably reveals that the court directed that wife was entitled to a monetary award equal to one-half the value of each of

properties whether "separately or jointly owned."

Code § 20-107.3 requires that the trial court consider the value of the marital properties owned by the parties. It does not mandate that all or a portion of the value of every such property be included in making its monetary award. Husband argues that in this case the base from which a monetary award is calculated should not include any of the value of property solely or jointly owned by wife in which she retains her interest. He further asserts that when the values of these properties are removed and the value of the remaining non-pension marital property is determined, the award exceeded fifty percent. Wife responds that this record discloses that an award equal to eighty-six percent of those remaining values is equitable. Our examination of the record reveals that the trial court in making the monetary award included the value of jewelry owned solely by wife when determining the value of the marital property, and thus required husband to pay wife a sum equal to one-half the value of the jewelry he had given her and that she would continue to own in her own right.

The commissioner reported that the jewelry given to wife by husband was separate property. The trial court correctly declined to follow that recommendation of the commissioner. It declared the gifts of jewelry from husband to wife prior to their marriage to be separate property and classified gifts made during the marriage as marital property. Code § 20-107.3(A)(1) provides, in part, that all property acquired during the marriage by gift is separate property except those received from the other spouse. Subsection (2) of Code § 20-107.3(A) then provides in relevant part that such property acquired before the last separation of the parties "is presumed to be marital property in the absence of satisfactory evidence that it is separate property." This record fails to disclose evidence to overcome that presumption.

The question we must now resolve is whether the trial court may require husband to pay a sum equal to one-half the value of marital property given to wife when she retains ownership of the items during the marriage. We hold that it may not. The primary objective of statutory construction is to ascertain and give effect to legislative intent. *Turner v. Commonwealth*, 226 Va. 456, 459, 309 S.E.2d 337, 338 (1983). The legislature intended to provide that all marital property be considered in making a monetary

award but it did not intend that a spouse receive an award which included a percentage of the value of property he or she separately owned. To sustain the trial court on this record we would have to declare that the legislature intended husband to pay wife a monetary award equal to an additional fifty percent of the value of the gifts given her by him during the marriage, the ownership of which she retains. We decline to give Code § 20-107.3 a construction which would result in that inequity.

■ It also appears that the trial court's monetary award required husband to pay to wife a sum equal to one-half of the value of the equity in the jointly owned property. Such an award gives wife a sum equal to one-half the value of the total equity in the property while also allowing wife to retain a one-half interest therein, the effect of which gives her an award that is equal to the total equity in the property. Code § 20-107.3, as effective when this monetary award was made, did not alter the legal interest either owner had in the jointly owned property. *Morris v. Morris*, 3 Va. App. 303, 310, 349 S.E.2d 661, 665 (1986). While Code § 20-107.3(B) classifies jointly owned properties as marital properties and directs that the parties' interests in such properties shall be considered in determining a monetary award, nothing contained therein requires that the award include the value of jointly owned property in which the recipient of the award retains his or her interest.

■ Virginia has no presumption favorable to equal division; however, Code § 20-107.3 provides for a monetary award based upon the equities and rights and interests in the marital property rather than just according to title. *Robinette v. Robinette*, 4 Va. App. 123, 129, 354 S.E.2d 808, 811 (1987). As a tool to facilitate an equitable, as distinguished from an equal, distribution of marital property, the chancellor is authorized to weigh the equities of the parties and to make a monetary award. *Smoot*, 233 Va. at 441, 357 S.E.2d at 732. In his determination of the monetary award, the chancellor is required to consider the eleven factors enumerated in Subsection (E) of the statute. The eleventh factor is the theme that runs through all equitable distribution statutes: the court must consider such other appropriate factors as may be required "to arrive at *a fair and equitable monetary award*." Code § 20-107.3(E)(11) (emphasis added). The code requirement that jointly owned property be classified as marital property and

its value considered, does not mean that in making the monetary award the court must as a matter of law add its value to the total of the other marital properties; likewise, the code does not mandate that a certain distribution percentage be applied. In a proper case[1] the value of jointly owned property may well require that the property be considered in order for the trial court to make a truly fair and equitable award. But if monetary awards are to be made in cases where the joint interest is retained subject to partition or other distribution of its value, the record must affirmatively show an equitable reason to base the monetary award on the totality of such values. No such reason appears in this record.

A suggestion has been made that the trial court may have generally "considered" the values of the properties owned "either separately or jointly" but that in making the monetary award actually considered only the total value of the marital property solely owned by husband. We reject that suggestion and note that if the suggestion were accurate, the monetary award ($30,254) would have exceeded the total value of husband's solely owned marital property ($29,254).

It further has been suggested that if the value of wife's interest in the equity of the jointly owned properties ($15,000 for the realty and $2,657 for the personalty) were added to the marital property value of her solely owned jewelry ($4,010) and the monetary award ($30,254), after husband paid the monetary award wife would possess a sum equal to eighty-six percent of the value of the property subject to equitable distribution.[2] Wife argues that under the facts of this case that result is equitable. We disagree. There is nothing contained in the record of this case which would justify such a disproportionate award. For the reasons stated, we reverse the monetary award judgment of the trial court. On remand, guided by the applicable equitable distribution statutes and consistent with this opinion, reconsideration of the properties and their values should be given and a determination of the amount of the monetary award, if any, be made.

---

[1] For example, jointly owned property may be owned in unequal shares.

[2] There is no evidence that husband owns any property which could be classified as separate.

## IV. *Valuation Date of Husband's Pension Funds*

Husband complains that the trial judge erroneously selected the date of the hearings before the commissioner as the appropriate time to determine the value of the pension funds. He reasons that since he made substantial contributions to the pension fund after the parties separated, the pension fund value should be determined as of the date the bill of complaint was filed. Wife asserts that the record fails to show that husband made any contribution to the fund after the suit was instituted. An examination of the record discloses that husband owned or had an interest in three separate funds that were classified as pension funds. In his brief husband asserts that the only retirement fund existing at the time the bill of complaint was filed was a fund containing $12,758 transferred from another pension fund of a different corporation; however, a balance sheet introduced by him and designated *Defendant's* exhibit *12* discloses that as of July 15, 1984 he owned three separate pension funds. The final decree listed these as an Individual Retirement Account, Profit Sharing Plan, and Money Purchase Plan, valued as of the date of the hearings before the commissioner at $2,000, $20,060, and $7,500, respectively. The record does not disclose the date these monies were contributed to the respective funds.

The burden is upon the party appealing to point out the error in the decree and to show how and why it is wrong. *Kempsville Meadows, Inc. v. Schwemley*, 211 Va. 117, 176 S.E.2d 428 (1970). The decree stands until that burden has been met. *Id.* Although husband testified on his own behalf and offered a witness who is a professional accountant familiar with the firm with which he had been associated since his arrival in Norfolk, neither provided any testimony which would have supported husband's assertion on appeal that the contributions were made after the bill was filed. There are exhibits that show balances after the date the bill was filed; however, there is nothing in this record that reveals the date the contributions were made. The judgment of the trial court is presumed correct and he who asserts the contrary is required to overcome the presumption by record proof not found here. *Mack v. Commonwealth*, 177 Va. 921, 929, 15 S.E.2d 62, 65 (1941).

In *Mitchell v. Mitchell*, 4 Va. App. 113, 118, 355 S.E.2d 18, 21 (1987), we held that marital property should be valued as near

the hearing date as reasonably practical. There is nothing in this record which discloses that selection of the hearing date for valuation of these funds was not fair and equitable.[3]

## V. *Attorney's Fees and Costs*

The commissioner recommended that the trial court require husband to pay to wife the sum of $3,000 attorney's fees and all court costs. The trial court increased the attorney fee award to $9,471.94. In addition, the trial court determined the recoverable court costs to be $1,250.

 The amount of counsel fees is a matter for the sound discretion of the trial court, Code §§ 20-79, 20-99, 20-103, and in the absence of an abuse of this discretion, such an award will not be disturbed. *Ingram v. Ingram*, 217 Va. 27, 29, 225, S.E.2d 362, 364 (1976). Counsel's work does not begin nor does it end with the hearings before the commissioner. The commissioner's recommendation, though it must be considered, is not binding on the trial court. *Lawrence v. Lawrence*, 212 Va. 44, 49, 181 S.E.2d 640, 643 (1971). We find *McGinnis v. McGinnis*, 1 Va. App. 272, 277-78, 338 S.E.2d 159, 162 (1985) to be applicable here:

> We believe the key to a proper award of counsel fees to be reasonableness under all of the circumstances revealed by the record. Although evidence of time expended by counsel and the charges made to the client is the preferred basis upon which a trial judge can formulate a reasonable award, it is not the only basis.

Moreover, a trial court is not unmindful of the usual charges within its jurisdiction. *Id; see also Leisge v. Leisge*, 224 Va. 303, 296 S.E.2d 538 (1982) (where an award of $25,000, which included fees, court costs, telephone bills, private investigators and travel expenses, was approved by the Supreme Court). On review of the record and the circumstances of the parties, we find that

---

[3] Code § 20-107.3(A) was amended effective July 1, 1988:
The Court shall determine the value of any such property *as of the date of the evidentiary hearing* on the evaluation issue. Upon motion of either party made no less than twenty-one days before the evidentiary hearing the Court may, for good cause shown, in order to attain the ends of justice, order that a different valuation date be used (emphasis added).

the trial court did not abuse its discretion in making the award of fees and costs contained in the final decree of divorce.

### VI. Husband's Interest in Pulmonary Consultants of Tidewater, P.C.

The record discloses that prior to the parties' separation husband owned no interest in Pulmonary. Approximately six months after their separation husband purchased a one-third interest in the corporation; however, each Pulmonary shareholder was required to agree that in the event of termination for any reason, including death, he or his estate would be required to resell the stock to Pulmonary and that in valuating the stock in the event of resale, accounts receivable and work in progress were not to be considered. For purposes of the monetary award, the trial court held: (1) that the contract was an "arms length" transaction void of fraud; and (2) that on conflicting evidence husband's interest in Pulmonary had a negative value.

(12) After reviewing the testimony of both husband's and wife's experts, the exhibits, and the authorities dealing with the values to be assigned agreements of this nature, the trial court observed:

> While the Court considers it a harsh agreement to deny the partner who is terminated for any reason any participation in accounts receivable or work in progress or other considerations, it is the agreement which Dr. Kaufman made. If it was made at arm's length and not to impair any property claims of Mrs. Kaufman as set forth above, then that is the agreement that she must be bound by. She has no greater right because we are considering a divorce award. She must stand in the shoes of Dr. Kaufman with respect to that agreement.

A court is not at liberty to rewrite a contract simply because the contract may appear to reach an unfair result. *Dominick v. Vassar*, 235 Va. 295, 300, 367 S.E.2d 487, 489 (1988).

The trial court has the duty to make factual determinations. It may not delegate that duty to the commissioner, but must affirm or reject the commissioner's report, in whole or in part, according to the view the court entertains of the law and the evi-

dence. Code § 8.01-610; *see also Lawrence*, 212 Va. at 47, 181 S.E.2d at 643. We may set aside the trial court's finding only if the record is void of evidence to support it. *See* Code § 8.01-680. There being evidence to support the finding, we are bound by the trial court's judgment concerning husband's interest in Pulmonary.

For the reasons stated, the judgment of the trial court is reversed in part, affirmed in part, and remanded with directions that, in accordance with this opinion, the trial court reconsider and make such further monetary and support awards as it deems appropriate.

*Affirmed in part,*
*reversed in part,*
*and remanded.*

Barrow, J., and Hodges, J., concurred.