COURT OF APPEALS OF VIRGINIA


Present:  Judges Baker, Bray and Overton
Argued at Norfolk, Virginia


MARY BETH BUNDSCHUH
                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2574-97-1        JUDGE RICHARD S. BRAY
                                             JUNE 16, 1998
WILLIAM P. BUNDSCHUH


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                     Edward W. Hanson, Jr., Judge

            Irene Sutton (Law Offices of Charles
            Hofheimer, P.C., on briefs), for appellant.

            Gregory K. Pugh (Bobby W. Davis, on brief),
            for appellee.


        In the decree of divorce between Mary Beth Bundschuh (wife)

and William P. Bundschuh (husband), the trial court, inter alia,

affirmed the report of the commissioner in chancery which valued

husband's stock in a medical practice at "zero."  Wife appeals,

arguing that the court erroneously relied upon the terms of the

corporate bylaws to ascertain the worth of husband's interest.

We disagree and affirm the decree.

        The parties are fully conversant with the record and this

memorandum opinion recites only those facts necessary to

disposition of the appeal.

        Under familiar principles, "we construe the evidence in the

light most favorable to husband, the prevailing party below,

granting to him all reasonable inferences fairly deducible

_____
        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

therefrom." Rogers v. Yourshaw, 18 Va. App. 816, 818, 448 S.E.2d 884, 885 (1994) (citation omitted). "In all divorce cases in which equitable distribution issues are presented, fashioning the decree is left largely to the discretion of the trial court as empowered and instructed by Code § 20-107.3." McClanahan v. McClanahan, 19 Va. App. 399, 400, 451 S.E.2d 691, 692 (1994) (citation omitted). Absent an abuse of discretion, a departure from the mandate of statute, or findings unsupported by the record, the chancellor's award will not be reversed on appeal. Id. at 401, 451 S.E.2d at 692. "The burden is upon the party appealing to point out the error in the decree and to show how and why it is wrong," and "[t]he decree stands until that burden has been met." Kaufman v. Kaufman, 7 Va. App. 488, 499, 375 S.E.2d 374, 380 (1988) (citation omitted).

The instant proceedings for divorce and equitable distribution were referred to a commissioner in chancery for hearing and report to the court. The value of husband's stock in Julius J. Snyder, M.D. & Associates, an incorporated anesthesiology practice, was a substantial issue between the parties. The evidence disclosed that husband's shares in the corporation were subject to a provision in the bylaws which established a formulaic "purchase or redemption price." Wife's expert, David P. Miller, testified that this approach to value was inapplicable and opted, instead, for the "capitalization of excess earnings" method, assigning a worth of $218,443 to

husband's interest.  In contrast, husband's expert, H. Leon Hodges, deferred to the bylaws and, accordingly, found that the husband's stock was without value.

After acknowledging during the evidentiary hearing that he "d[id not] have to follow the value set up in the buy-sell agreement," the commissioner, nevertheless, concluded that "the parties are bound by the terms of the corporation's buy/sell agreement which restricts the amounts of money to be paid to a withdrawing stockholder" and fixed "the value of husband's interest [at] zero."  Wife excepted, and, following a related hearing, the court noted that "each [expert] gave plausible testimony as to valuation," but reminded counsel that "it was up to the commissioner to make a determination as to the credibility . . . and weight to be placed upon their testimony."  Finding that the commissioner properly "made a determination based upon the evidence," the court affirmed the report.

On appeal, wife contends that "[b]ecause neither expert valued the practice under the other expert's set of assumptions, this appeal does not present a . . . question of fact," but, rather, an issue of law arising from the erroneous premise that value was controlled by the formula prescribed in the bylaws.  In support of her argument, wife relies upon Bosserman v. Bosserman, 9 Va. App. 1, 384 S.E.2d 104 (1989).  In Bosserman, we held that "the sale price set by restrictive provisions on transfer" of stock was "not conclusive as to the value."  Id. at 7, 384 S.E.2d

at 108.  However, we recognized that such covenants affected value through impaired marketability and "must be considered when a trial court determines the value of stock for purposes of equitable distribution."  Id.  Indeed, quoting Bosserman, wife correctly acknowledges on brief that "a buy-sell agreement might be controlling in a particular case, if the agreement properly reflects 'the actual value of the stock to the shareholder.'"  9 Va. App. at 7, 384 S.E.2d at 108.

Here, husband's expert testified that he regarded the agreement as the predominate factor in valuation, while wife's expert admitted that his approach did not "take into consideration the buy-sell agreement at all."  In weighing this testimony, the record reflects that the commissioner considered the disparate approaches to value and other relevant evidence in determining the husband's stock to be worthless, a factual analysis consistent with Bosserman.  On review, the trial court found that the commissioner had properly balanced the evidence, including the credibility of witnesses, in reaching a factual finding and confirmed and incorporated the report in the final decree.  Thus, the record clearly reflects the resolution of a factual dispute in accordance with controlling principles of law.

> "While the report of a commissioner in chancery does not carry the weight of a jury's verdict, Code § 8.01-610, it should be sustained unless the trial court concludes that the commissioner's findings are not supported by the evidence.  This rule applies with particular force to a commissioner's findings of fact based upon evidence taken in his presence . . . ."

- 4 -

Jones v. Jones, 26 Va. App. 689, 694-95, 496 S.E.2d 150, 153 (1998) (citation omitted). "Once the trial court has resolved conflicting evidence as to value and determined value, the decision whether to make a monetary award and the amount of the award is governed by the rights and equities of the parties and the factors designated in Code § 20-107.3(E)." Bosserman, 9 Va. App. at 5, 384 S.E.2d at 107 (citations omitted). "We will not disturb the trial court's finding of the value of an asset unless the finding is plainly wrong or unsupported by the evidence." Schooltz v. Schooltz, 27 Va. App. 264, 275, ___ S.E.2d ___, ___ (1998) (citations omitted).

The instant record discloses conflicting evidence of value in the opinions and related testimony of two expert witnesses. The factual predicates for both conclusions were before the commissioner and court and properly considered, together with other pertinent evidence, in finding that husband's stock had no value, a determination supported by the record which will not be disturbed on appeal.

Accordingly, we affirm the decree.

Affirmed.