COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Willis and Humphreys
Argued at Richmond, Virginia


E. STEVEN PALMORE

                                         MEMORANDUM OPINION[*] BY
v.   Record No. 2033-99-2          JUDGE ROBERT J. HUMPHREYS
                                              JUNE 27, 2000
PAMELA S. PALMORE


           FROM THE CIRCUIT COURT OF BUCKINGHAM COUNTY
                    Richard S. Blanton, Judge

           Michael J. Brickhill (Michael J. Brickhill,
           P.C., on brief), for appellant.

           Mary Burkey Owens (Ishneila Ingalls Gubb;
           Cowan & Owen, P.C., on brief), for appellee.


     E. Steven Palmore ("husband") contends the trial court

committed reversible error when it relied upon a separation and

property settlement agreement and refused to award him a share

of the post-separation increase in value of the "marital home."

For the reasons that follow, we affirm the decision of the trial

court.

                         BACKGROUND

     Husband and Pamela S. Palmore ("wife") were married on

December 12, 1970.  They have two children, both of whom are

emancipated.  In May 1988 they executed a separation and

property settlement agreement ("the agreement" or "PSA").  In

_____

     * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

pertinent part, the agreement stated that wife would retain exclusive title to the marital residence.  In the agreement, husband "waive[d], remis[sed] and release[d] any and all rights to the Wife's property and estate now and hereafter existing in his favor."  In addition, husband agreed to "pay the note secured by the residential real estate."  The parties agreed that the agreement would

> be filed with the pleadings in any divorce suit filed by either party pursuant to [Virginia Code] Section § 20-109 . . . and that no decree will be entered in any divorce suit that is in conflict with the provisions of this agreement nor will either party ask for a provision in any decree in any proceeding that is in conflict with this agreement.

Further, the agreement stipulated that any breach of a provision of the document would not be deemed a waiver of the provisions of the agreement.  The parties agreed that any modification to the agreement would be "in writing and executed with the same formality as this agreement."  Finally, the agreement provided that "it is the parties' express intent that this agreement shall continue in force even though the parties reconcile."  The parties separated on July 24, 1988, two months after executing the agreement.

According to the record, neither party strictly observed the provisions of the agreement.  In 1988, after the separation, husband moved back into the marital residence in Buckingham County while wife lived in Richmond.  Later, husband left the

-

marital residence and wife returned to live there. In 1996, by oral agreement, the parties agreed that husband would move back into the marital residence, pay off the mortgage, and jointly sign a new five-year note secured by the marital residence. Most of the money received from the note was used "to make improvements to the real estate."[1] The trial court noted that husband "compiled a list of his monetary contributions to the real estate in the total sum of $18,190.00 during the past three years."

On December 4, 1998, wife filed a bill of complaint seeking a divorce. In paragraph 7 of the bill, wife asked that "the Property Settlement Agreement dated May, 1988, entered into between the parties be affirmed and ratified by this Court and incorporated as part of any Final Decree." On December 28, 1998, husband filed his answer to the bill of complaint. He admitted all allegations set forth in the first six paragraphs; however, regarding paragraph 7, husband answered that these allegations are "neither admitted or denied and therefore strict proof is required." Husband also asked the trial court to "equally divide the property" in accordance with Code § 20-107.3.

---

[1] The parties filed no transcript of the August 16, 1999 hearing. This information was taken from the "Written Statement of the Incidents of the case" prepared by the trial court.

-

On August 16, 1999, the trial court heard the matter and entered a final decree of absolute divorce. Before ruling, the trial court "permitted counsel for both parties to present brief oral argument." The trial court also noted the existence of the agreement "which both parties stipulated was a valid and enforceable contract." Due to the existence of the agreement, the trial court declined to credit husband with the alleged improvements and ruled that husband was barred from any equitable distribution based upon the plain language of the agreement.

Husband contends he had a substantive right to an equitable distribution and that the trial court was required to conduct an equitable distribution hearing pursuant to § 20-107.3 and classify, value and distribute separate and marital property. Husband argues further that in such hearing the trial court was required to classify as marital property the increased value of the marital home. Because the increased value resulted from his post-separation efforts which were based upon oral agreements between the parties, husband contends he was entitled to an equitable share of the increased value, notwithstanding the plain language of the PSA. We disagree.

ANALYSIS

In accordance with well-established principles, we review the facts in the light more favorable to the party prevailing below. See Richardson v. Richardson, 30 Va. App. 341, 349, 516

-

S.E.2d 726, 730 (1999).  In an appeal from a divorce decree, "[t]he burden is upon the party appealing to point out the error in the decree and to indicate how and why it was wrong." Kaufman v. Kaufman, 7 Va. App. 488, 499, 375 S.E.2d 374, 380 (1988).  "Where . . . the [trial] court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it."  Hurt v. Hurt, 16 Va. App. 792, 798, 433 S.E.2d 493, 497 (1993).

Code § 20-109(C) provides, in pertinent part, that

> [i]n suits for divorce, . . . if a stipulation or contract signed by the party to whom such relief might otherwise be awarded is filed before entry of a final decree, no decree or order directing the payment of support and maintenance for the spouse, suit money, or counsel fee establishing or imposing any other condition or consideration, monetary or non-monetary, shall be entered except in accordance with that stipulation or contract.  If such stipulation or contract is filed after entry of a final decree and if any party so moves, the court shall modify its decree to conform to such stipulation or contract.

"Nothing in this section shall be construed to prevent the affirmation, ratification and incorporation in a decree of an agreement between the parties pursuant to §§ 20-109 and 20-109.1."  Code § 20-107.3(I).

"Agreements between divorcing spouses to settle property or support claims are contracts; therefore the same rules generally applicable to contracts control the issue of whether divorcing

-

spouses have reached a valid agreement."  Richardson v.

Richardson, 10 Va. App. 391, 395, 392 S.E.2d 688, 690 (1990).

> Although a divorce court is not bound to
> approve in its divorce decree a settlement
> agreement between divorcing parties, and is
> required to exercise its discretion in
> adjudicating property, support, and custody
> issues as provided in Code §§ 20-107.1 and
> 20-107.3, a court "may affirm, ratify and
> incorporate by reference in its decree
> dissolving a marriage or decree of divorce
> . . . any valid agreement between the
> parties, or provisions thereof, concerning
> the conditions of the maintenance of the
> parties, or . . . , or establishing or
> imposing any other condition or
> consideration, monetary or non-monetary."

Id. at 399, 392 S.E.2d at 692 (quoting Code § 20-109.1).

"Marital property settlements entered into by competent

parties upon valuable consideration for lawful purposes are

favored in the law and will be enforced unless their illegality

is clear and certain."  Cooley v. Cooley, 220 Va. 749, 752-53,

263 S.E.2d 49, 52 (1980).

> [T]o the extent that the parties have
> already stipulated to a particular
> disposition of their property, the court may
> not decree an equitable distribution award
> that is inconsistent with that contract.  To
> hold otherwise would not only fail to give
> full effect to the property division
> statutes, but also would fail to support
> Virginia's public policy in favor of prompt
> resolution of property disputes in divorce
> cases through voluntary court-approved
> agreements.

Parra v. Parra, 1 Va. App. 118, 128-29, 336 S.E.2d 157, 162

(1985).

-

The parties entered into a valid and binding agreement. After hearing argument, the trial court barred husband from "any equitable distribution or marital claim in regards to the wife's property based on the plain language of the property settlement agreement."  In light of the unambiguous agreement, that the parties agreed was valid and binding, appellant has failed to demonstrate that the trial court's decision was plainly wrong or without evidence to support it.  Accordingly, we affirm the trial court's decision.

ATTORNEY'S FEES ON APPEAL

Wife requested that she be awarded attorney's fees and costs related to defending this appeal.  She argues that husband failed "to demonstrate a viable appealable issue."

The decision whether attorney's fees incurred on appeal should be awarded is a determination to be made by the appellate court.  See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 694-95, 479 S.E.2d 98, 100 (1996); Gottlieb v. Gottlieb, 19 Va. App. 77, 95-96, 448 S.E.2d 666, 677 (1994).

Upon consideration of the entire record in this case, including a review of the terms and conditions of the agreement and the basis of husband's appeal, we hold that wife is entitled to a reasonable amount of attorney's fees for defending this appeal.  Accordingly, we remand this matter to the trial court for the limited purpose of determining the amount wife should be

awarded for attorney's fees and costs incurred in defending this appeal.

Affirmed and remanded.