COURT OF APPEALS OF VIRGINIA


Present:  Chief Judge Fitzpatrick, Judge Benton and
          Senior Judge Overton
Argued at Alexandria, Virginia


HONGYI ZHOU
                                    MEMORANDUM OPINION[*] BY
v.    Record No. 0032-02-4           JUDGE NELSON T. OVERTON
                                        OCTOBER 15, 2002
BO L. ZHOU


              FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      Leslie M. Alden, Judge

           Edward V. O'Connor, Jr. (Byrd Mische, P.C.,
           on brief), for appellant.

           David M. Levy (Surovell, Jackson, Colten &
           Dugan, P.C., on brief), for appellee.


     Hongyi Zhou (husband) contends the trial court erred in (1)

requiring him to transfer to Bo L. Zhou (wife) additional

retirement assets which were not covered by the final divorce

decree; (2) denying his motion to modify child support; and (3)

failing to give him a credit for childcare costs from June 2001

through December 2001.  We affirm the trial court's ruling

because the record is insufficient to determine the issues

raised on appeal.


        * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

<u>Discussion</u>

In an appeal from a divorce decree, "[t]he burden is upon the party appealing to point out the error in the decree and to indicate how and why it was wrong." <u>Kaufman v. Kaufman</u>, 7 Va. App. 488, 499, 375 S.E.2d 374, 380 (1988).

> Because the judgment of the court below is presumed to be correct, the onus is upon the appellant to provide the reviewing court with a sufficient record from which it can be determined whether the trial court erred as the appellant alleges. If an insufficient record is furnished, the judgment appealed from will be affirmed.

<u>White v. Morano</u>*,* 249 Va. 27, 30, 452 S.E.2d 856, 858 (1995).

Husband failed to provide in the record on appeal transcripts or statements of fact from (A) the June 8, 2001 hearing on wife's show cause motion at which the trial court found that husband was "in violation" for failing to comply with the terms of the final decree, and (B) the December 17, 2001 hearing at which husband asked the trial court to reconsider its earlier rulings. At the conclusion of the June 8, 2001 evidentiary hearing, the trial judge found the husband in violation of the final decree in failing to transfer the assets and ordered the husband to transfer specific assets.

The record contains a Statement of Facts from the November 20, 2001 hearing.[1] As a result of that hearing, the trial court

---

[1] Rule 5A:25 requires an appellant to file an appendix, which "shall include," <u>inter</u> <u>alia</u>, "any testimony and other incidents of the case germane to the questions presented."

-

entered the November 30, 2001 order granting wife's motion to compel and ordering husband to "transfer to [wife] the amount of $9,443.76 of assets pursuant to the terms of the Final Decree of Divorce."  Although that Statement of Facts explains each party's argument made to the trial court, it fails to indicate the evidence presented to the trial court or the evidence relied upon by the trial court in making its ruling.

The record also indicates the husband filed a motion to modify his child support obligation and to obtain a credit for overpayment.  That motion was also considered at the November 20, 2001 hearing.  The Statement of Facts also fails, however, to recite the evidence that was presented at the hearing in support of this motion to modify child support and to award a credit for an alleged overpayment.

Moreover, neither the Statement of Facts nor the contested orders contains the trial court's rationale for ruling as it did on the motions.  Absent any explanation as to what evidence the trial court relied upon or why it ruled as it did, we cannot determine whether it committed reversible error in making the rulings complained of on appeal.  In summary, because husband failed to provide us with a sufficient record to substantiate his allegations of trial error, we affirm the trial court's

---

Husband failed to designate for inclusion in the appendix a copy of the signed Statement of Facts.  Husband's omission hampered efficient appellate review.

-

decisions. See Kyhl v. Kyhl, 32 Va. App. 53, 59-60, 526 S.E.2d 292, 295 (2000) (holding that records of cases on appeal must be "'accurate [and] complete to the degree necessary to adjudicate the appeal'").

In addition, we award appellee her attorney's fees for this appeal. Accordingly, we remand this cause to the trial court to award reasonable attorney's fees and costs to wife for this appeal and for any further proceeding in the trial court in connection with the award of fees and costs.

<u>Affirmed and remanded.</u>

-