COURT OF APPEALS OF VIRGINIA

Present:   Judges Elder, Felton and Senior Judge Willis


STEVEN MARK HYLTON

                                                    MEMORANDUM OPINION[*]
v.      Record No. 2698-04-3                                    PER CURIAM
                                                    APRIL 12, 2005
BARBARA ALLEN HYLTON


FROM THE CIRCUIT COURT OF AUGUSTA COUNTY
Thomas H. Wood, Judge

(Roland S. Carlton, Jr.; Carlton & Titus, P.L.C., on brief), for
appellant.

(Barbara A. Hylton, *pro se*, on brief).


Steven Mark Hylton (father) appeals a decision of the trial court concerning a

modification in the parties' child support award.  On appeal, father contends the trial court erred

by (1) directing that the child support modification be effective as of March 1, 2004 instead of

September 1, 2002; (2) not imputing income to Barbara Allen Hylton (mother); and (3) failing to

accept and sign the written statement of facts filed by father.  Upon reviewing the record and

briefs, we conclude that this appeal is without merit.  Accordingly, we summarily affirm the

decision of the trial court.  See Rule 5A:27.

Father's opening brief fails to comply with Rule 5A:20, which requires that each question

presented contain a clear and exact reference to the page of the transcript, written statement,

record, or appendix where each question was preserved in the lower court.  In addition, father

noted no objections to the final order in this case.  Furthermore, the written statement of facts

does not contain any arguments presented by father to the trial court concerning the effective date of

────────────────

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

the child support modification or the trial court's refusal to impute income to mother. Moreover, the written statement of facts does not show that father raised objections to any of the findings of the trial court or argued to the trial court that it erred by not accepting and signing the written statement of facts filed by father.

"The judgment of the trial court is presumed correct and he who asserts the contrary is required to overcome the presumption by record proof . . . ." Kaufman v. Kaufman, 7 Va. App. 488, 499, 375 S.E.2d 374, 380 (1988). The burden is on the party seeking reversal to submit to the appellate court a record that enables the court to determine whether there has been an error. See Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). "When the appellant fails to ensure that the record contains transcripts or a written statement of facts necessary to permit resolution of appellate issues, any assignments of error affected by such omission shall not be considered." Rule 5A:8(b); see Anderson v. Commonwealth, 13 Va. App. 506, 508-09, 413 S.E.2d 75, 76-77 (1992). "We cannot assume that [father]'s objection[s] and reasons were proffered but not made a part of the record." Lee v. Lee, 12 Va. App. 512, 516, 404 S.E.2d 736, 738 (1991) (*en banc*).

"The Court of Appeals will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998). See Rule 5A:18. "The main purpose of requiring timely specific objections is to afford the trial court an opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals." Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991) (citation omitted). Accordingly, father's arguments are barred by Rule 5A:18.

Further, the ends of justice do not require us to address these issues. "[T]he ends of justice exception is narrow and is to be used sparingly . . . . The trial error must be clear, substantial and material." Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d

269, 272 (1997) (internal quotations and citations omitted). "[To invoke the ends of justice exception to Rule 5A:18, the record] must affirmatively show that a miscarriage of justice has occurred, not that a miscarriage might have occurred." Id. at 221, 487 S.E.2d at 272 (internal quotations and citations omitted).

Father had the responsibility to provide this Court with an adequate record of the trial proceedings to enable the Court to reasonably understand the nature of the appeal and the underlying facts upon which the appeal is based. Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). An appellate court does not have the responsibility of scouring the record to understand the facts necessary to support a party's legal position. Id.

Accordingly, we summarily affirm the decision of the trial court.

Affirmed.