COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge Petty and Senior Judge Coleman
Argued by teleconference


TIMOTHY MARTIN BARRETT

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0902-06-3                      JUDGE WILLIAM G. PETTY
                                                       OCTOBER 17, 2006
VALERIE JILL RHUDY BARRETT


                    FROM THE CIRCUIT COURT OF GRAYSON COUNTY
                              J. Colin Campbell, Judge

            Timothy Martin Barrett, *pro se*.

            Maria Timoney (Southwest Virginia Legal Aid Society, on brief), for
            appellee.


        Appellant Timothy Martin Barrett (father) appeals a custody order entered pursuant to Code

§ 20-124.3, awarding sole custody of his six children to Valerie Jill Rhudy Barrett (mother) and

providing limited visitation rights to him.  He argues the trial court erroneously (1) entered several

rulings concerning the testimony of Dr. Susan Garvey, a psychologist; (2) failed to consider the

requisite statutory factors set forth in Code § 20-124.3; and (3) failed to sustain his motion to strike

the guardian *ad litem's* report.

        For reasons set forth below, we affirm the judgment of the trial court.

                                    I. BACKGROUND

        On appeal, "[t]he judgment of the trial court is presumed correct and he who asserts the

contrary is required to overcome the presumption by record proof . . . ."  Kaufman v. Kaufman, 7

Va. App. 488, 499, 375 S.E.2d 374, 380 (1988).  The appellant has the burden of submitting a

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

proper record to the appellate court. Smith v. Commonwealth, 16 Va. App. 630, 635, 432 S.E.2d 2, 6 (1993). We must decide the case "upon the record and cannot base [our] decision upon appellant's petition or brief, or statements of counsel in open court. We may act only upon facts contained in the record." Id.

During the parties' eleven-year marriage, six children were born. When the parties divorced in August 2002, mother was awarded custody of the six children. Thereafter, father filed petitions in the Juvenile and Domestic Relations District Court of Grayson County seeking a change in custody. On January 27, 2003, the juvenile and domestic relations district court awarded custody of the six children to mother with limited visitation to father.

On January 29, 2003, father appealed *de novo* to the Circuit Court of Grayson County (trial court). Following protracted proceedings, the trial court issued an opinion letter on February 8, 2006, setting forth findings and awarding mother sole custody of the six children with limited visitation to father. In the opinion letter, the trial court directed mother's attorney to prepare a written order reflecting the trial court's findings. Thereafter, the trial court issued a written order on March 9, 2006, which is the subject of this appeal.

## II. ANALYSIS

Father argues the trial court made several errors concerning the testimony and opinion of Dr. Susan Garvey[1] including: (a) failing to quash a subpoena *duces tecum* issued by the mother to secure Dr. Zoll's[2] records, (b) permitting Dr. Garvey to testify from Dr. Zoll's records without obtaining father's permission in accordance with Code § 20-124.3:1; (c) permitting Dr. Garvey to testify without requiring a proper foundation for the admission of her opinion; and (d)

---

[1] Dr. Garvey is a psychologist who testified on behalf of the mother.

[2] Dr. Zoll is a psychologist retained by Timothy Barrett as an expert witness to evaluate his parenting abilities.

admitting Dr. Garvey's report.  Further, he asserts the trial court erred by failing to strike the guardian *ad litem's* report and by failing to consider each factor in Code § 20-124.3.

Testimony of Dr. Garvey;
Admission of Guardian *Ad Litem's* Report

As the appellant, father has the burden of demonstrating by the record that reversible error was committed.  See Lutes v. Alexander, 14 Va. App. 1075, 1077, 421 S.E.2d 857, 859 (1992).  Mere unsupported assertions of error "do not merit appellate consideration."  Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992).  Furthermore this Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief."  Id.  Nor is it this Court's "function to comb through the record . . . in order to ferret-out for ourselves the validity of [appellant's] claims . . . ."  Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

Rule 5A:25 provides in pertinent part:  "an appendix shall be filed by the appellant in all cases" and shall include "any testimony and other incidents of the case germane to the questions presented."  Rule 5A:25(a) & (c).  The appendix and seven copies must be filed no later than the date appellant files the opening brief.  See Rules 5A:25(a) & (b); 5A:19(f).

In discussing the importance of the appendix, the Supreme Court explained:

> The appendix is a tool vital to the function of the appellate process in Virginia.  Without it, the seven Justices of this Court would have to pass the original record from one to the other.  Much of the contents, though material at trial, may be utterly irrelevant to the issues posed on appeal.  By requiring the publication and distribution of an appendix which excludes all irrelevancies, the Rules of Court expedite the adjudication of the appeal and reduce the costs.  By requiring the inclusion of all parts of the record germane to the issues, the Rules promote the cause of plenary justice.

Thrasher v. Burlage, 219 Va. 1007, 1009-10, 254 S.E.2d 64, 66 (1979) (per curiam).

In this case, the appendix fails to contain everything germane to the questions presented on appeal. The record on appeal consists of twenty-two volumes of transcripts; however, the appendix contains only nineteen pages of transcribed testimony. Absent from the appendix are pertinent transcript pages cited by father in his opening brief and trial exhibits introduced by the guardian *ad litem* during the proceedings.[3] Among the omitted transcript pages are those portions of the transcripts identified by father as containing proper objections to preserve issues for appeal as well as those portions containing the challenged testimony.

Compliance with Rule 5A:25 by filing an appropriate appendix is "essential to an informed collegiate decision." Thrasher, 219 Va. at 1010, 254 S.E.2d at 66. Our review of this case leads us to conclude that the portions of the record cited but not included in the appendix are essential to the resolution of the issues raised by father concerning the admissibility of Dr. Garvey's testimony and her report, the guardian *ad litem's* report, and the issue concerning the motion to quash. Father's stated justification that it would be cost prohibitive to include all the pertinent transcript pages in the appendix does not excuse his failure to do so. Because father failed to file an adequate appendix in compliance with the Rules, the record is insufficient to decide these issues. Patterson v. City of Richmond, 39 Va. App. 706, 717, 576 S.E.2d 759, 764-65 (2003).

### Compliance with Code § 20-124.3

Father argues the trial court erred by failing to consider the requisite statutory factors of Code § 20-124.3 when awarding sole custody of the children to mother. He alleges that because the trial court's March 9, 2006 order fails to set out *every* statutory factor, the trial court must not have considered each factor when deciding this matter.

---

[3] Rule 5A:25(c)(6) requires that the appendix shall include exhibits "that can reasonably be reproduced." Although father references three exhibits in his opening brief, he failed to include the exhibits in the appendix or explain why they could not reasonably be reproduced.

In determining child custody matters, "'the court's paramount concern is always the best interests of the child.'" Vissicchio v. Vissicchio, 27 Va. App. 240, 246, 498 S.E.2d 425, 428 (1998) (quoting Farley v. Farley, 9 Va. App. 326, 327-28, 387 S.E.2d 794, 795 (1990)). The trial court's decision concerning the best interests of a child "'will not be set aside unless plainly wrong or without evidence to support it.'" Id. (quoting Farley, 9 Va. App. at 328, 387 S.E.2d at 795 (citation omitted)). When evaluating the trial court's rulings on appeal, "we view the evidence in the light most favorable to the prevailing party." Lanzalotti v. Lanzalotti, 41 Va. App. 550, 554, 586 S.E.2d 881, 882 (2003). "'A trial court is presumed to have thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (quoting Farley, 9 Va. App. at 329, 387 S.E.2d at 796).

Code § 20-124.3 sets out the factors a trial court shall consider when deciding the best interests of a child for custody and visitation purposes. See Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999). Furthermore, Code § 20-124.3 requires that the trial court "communicate to the parties the basis of the decision either orally or in writing." We have interpreted this language to require the trial court "to identify the fundamental, predominating reason or reasons underlying its decision. This level of specificity does not require the [judge] to address all aspects of the decisionmaking process . . . ." Kane v. Szymczak, 41 Va. App. 365, 373-74, 585 S.E.2d 349, 353 (2003).

Here, the trial court communicated to the parties the underlying basis of its decision through a well-reasoned, seven-page letter opinion.[4] While we agree with father's assertion that

---

[4] Contrary to the father's assertion, Code § 20-124.3 does not require the trial court to include the reasons for its decision in the final order. The trial court's reasoning need only be communicated "orally or in writing."

- 5 -

the trial court is required to examine all factors set out in Code § 20-124.3, "it is not 'required to quantify or elaborate exactly what weight or consideration it has given to each of the statutory factors.'" Sargent v. Sargent, 20 Va. App. 694, 702, 460 S.E.2d 596, 599 (1995) (quoting Woolley v. Woolley, 3 Va. App. 337, 345, 349 S.E.2d 422, 426 (1986)). Nor is the trial court required to address each and every factor in explaining the basis for its decision. Following entry of the opinion letter, the trial court entered a written order containing only the central points of its ruling. From the record before us, we conclude that the trial court considered the necessary statutory factors in determining the best interests of the children and adequately communicated its reasoning to the parties.

III. CONCLUSION

In conclusion, we are barred from considering issues one and three presented on appeal because of father's failure to provide the Court with a sufficient appendix containing parts of the record germane to the questions presented on appeal. After considering issue two, we conclude the trial court's order satisfied the requirements of Code § 20-124.3. Accordingly, we affirm the judgment of the trial court.

Affirmed.