COURT OF APPEALS OF VIRGINIA


Present: Judges Kelsey, Petty and Senior Judge Bumgardner


NASSER T. ZONOOZI

                                        MEMORANDUM OPINION[*]
v.       Record No. 1025-10-4                      PER CURIAM
                                        DECEMBER 14, 2010
SOUDABEH AHARIPOUR


FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
David S. Schell, Judge

(Nasser T. Zonoozi, *pro se*, on brief).

No brief for appellee.


Nasser T. Zonoozi (husband) appeals from the trial court's final decree granting Soudabeh

Aharipour (wife) a divorce. Husband argues that the trial court erred by (1) not allowing a

reasonable accommodation for a *pro se* litigant; (2) deciding the matter by only hearing evidence

from the wife; (3) granting a divorce when the parties had not been separated for more than one

year; (4) awarding attorney's fees to wife; (5) not considering all of the factors in Code

§ 20-107.1(E) when it awarded spousal support to wife; and (6) granting wife a monetary award in

equitable distribution when the trial court only heard evidence from wife. We summarily affirm the

decision of the trial court. See Rule 5A:27.

BACKGROUND

"When reviewing a trial court's decision on appeal, we view the evidence in the light

most favorable to the prevailing party, granting it the benefit of any reasonable inferences."

Congdon v. Congdon, 40 Va. App. 255, 258, 578 S.E.2d 833, 834 (2003) (citations omitted).

--------------------------------------------

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Husband and wife married on February 6, 1997, separated on March 10, 2009, and divorced on April 22, 2010. Wife filed a complaint for divorce, and husband filed an answer and cross-bill, to which wife filed an answer. The trial court conducted a two-day hearing and issued a ruling from the bench. The trial court granted wife a divorce based on living separate and apart for more than one year. It also awarded wife spousal support, a monetary award for equitable distribution, and attorney's fees. Husband filed a motion for reconsideration, which the trial court denied. This appeal followed.

ANALYSIS

"The judgment of the trial court is presumed correct and he who asserts the contrary is required to overcome the presumption by record proof . . . ." Kaufman v. Kaufman, 7 Va. App. 488, 499, 375 S.E.2d 374, 380 (1988). "The burden is upon the party appealing to point out the error in the decree and to show how and why it is wrong." Id. (citing Kempsville Meadows, Inc. v. Schwemley, 211 Va. 117, 176 S.E.2d 428 (1970)).

In his opening brief, husband failed to comply with Rules 5A:20(a), (c), (e), and (f).[1] Husband's "questions presented" were scattered throughout the brief.[2] Husband failed to show where the issues were preserved in the appendix, transcript, or record. Rule 5A:20(c). This Court "will not search the record for errors in order to interpret the appellant's contention and correct deficiencies in a brief." Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992). Nor is it this Court's "function to comb through the record . . . in order to ferret-out for

---

[1] Husband filed a brief on August 12, 2010, which had numerous deficiencies. The Court allowed husband an opportunity to file a replacement brief in order to correct the deficiencies. Husband failed to correct all of the procedural deficiencies. Wife filed a motion to dismiss for husband's failure to comply with the Rules. Since we are summarily affirming the trial court, we deny her motion.

[2] As of July 1, 2010, Rule 5A:20(c) states that an appellant should include a statement of the assignments of error, not questions presented.

ourselves the validity of [appellant's] claims." Fitzgerald v. Bass, 6 Va. App. 38, 56 n.7, 366 S.E.2d 615, 625 n.7 (1988) (*en banc*).

Furthermore, appellant failed to provide legal authority to support his arguments. See Rule 5A:20(e). Unsupported assertions of error "do not merit appellate consideration." Buchanan, 14 Va. App. at 56, 415 S.E.2d at 239.

A *pro se* litigant appearing "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

We find that husband's failure to comply with Rule 5A:20 is significant, so we will not consider any of his issues. See Fadness v. Fadness, 52 Va. App. 833, 851, 667 S.E.2d 857, 866 (2008) ("If the parties believed that the circuit court erred, it was their duty to present that error to us with legal authority to support their contention."); Parks v. Parks, 52 Va. App. 663, 664, 666 S.E.2d 547, 548 (2008).

Wife asks this Court to award her attorney's fees and costs incurred on appeal. See O'Loughlin v. O'Loughlin, 23 Va. App. 690, 695, 479 S.E.2d 98, 100 (1996). Having reviewed and considered the entire record in this case, we hold that wife is entitled to a reasonable amount of attorney's fees and costs, and we remand for the trial court to set a reasonable award of attorney's fees and costs incurred by wife in this appeal.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27. We remand this case to the trial court for determination and award of the appropriate appellate attorney's fees and costs.

Affirmed and remanded.

- 3 -