## Alexandria

MICHAEL A. CONWAY

v.

HOPE C. CONWAY (OAKES)

No. 1690-88-4

Decided August 14, 1990

Counsel

Thomas A. Howell (William H. Ralston, Jr., Moore; Jackson Ralston & Crist, on brief), for appellant.

M. Steven Weaver (Tish E. Lynn; Clark & Bradshaw, on brief), for appellee.

Opinion

**DUFF, J.**—In this appeal Michael A. Conway contests a decision of the Circuit Court of Rockingham County, which modified a 1982 award of child support to Hope C. Conway for the couple's three children. He argues that: (1) the trial court erred in permitting discovery materials not offered into evidence at the trial level to be included in the record on appeal; (2) the evidence does not

support the trial court's increased award of child support; and (3) the trial court abused its discretion in using guidelines established in Code § 20-108.2 to compute the father's child support obligation. Upon consideration of the briefs, the record, and authorities cited, we reverse.

Michael A. Conway (husband) and Hope C. Conway (wife) were married on February 15, 1969. Three children were born of the marriage: Kelly, Kendra and Stephanie. In August 1981 Michael and Hope separated, and in September 1981 they executed a Property Settlement Agreement (Agreement).

Under the Agreement, the wife retained custody of the three children and the husband agreed to pay her $1,000 per month in spousal support and $550 per month for the support of the children. The child support was to be increased to $600 per month in July of 1983, then adjusted annually based on the federal consumer price index. Additionally, the husband agreed to pay the children's college tuition and direct educational expenses, excluding room and board.

Two addenda were made to the Agreement. The first, in September 1982, lowered the monthly spousal support to $750, to continue until September 1988. In October 1982 the husband was granted a divorce *a vinculo*, and the original Agreement and first addendum were incorporated into the decree without modification.

The second addendum was executed in August 1986, the parties agreeing that Kelly, the oldest child, would reside with the father for one year. They also agreed that the amount of spousal support would be reduced to $650 per month, but that the amount of child support would remain unchanged.

In September 1988, spousal support was terminated pursuant to the first addendum. At this time, Kelly was away at college, with the husband paying her expenses, and the two youngest children were still living with the wife. Prior to the termination of spousal support, in August 1988, the wife petitioned the court for an increase in child support. In support of this petition the wife submitted expense sheets indicating that her spousal support had been used exclusively for the benefit of the children. Thus, she maintained, the termination of spousal support constituted a significant change in circumstance that justified an increase in child support.

The trial court ordered the parties to file and exchange financial affidavits and other supporting documents and statements. After several amendments, the wife's final amended petition requested $1,600 in child support, claiming also that the husband's increased income ($50,000 in 1982, $105,000 in 1988) constituted a change of circumstance sufficient to alter child support. The husband admitted the increase in his income, but denied that there should be an increase in child support, stating that the current amount of support was sufficient to meet the needs of the children.

On October 28, 1988, an *ore tenus* hearing was held. At that time, none of the previously filed financial affidavits or supporting documents were formally offered into evidence, though both parties and the court relied upon and discussed these documents throughout the course of the hearing. No objections were made by either of the parties to the use of these documents.

The court held that the doubling of the husband's income constituted a substantial change in circumstance and went on to consider the factors listed in Code §§ 20-108 and 20-108.1. The combined monthly income of the parties was approximately $10,000, which at the time of the award exceeded the highest income level appearing in Code § 20-108.2. The trial court ordered the husband to pay $1,440 per month for the support of the two youngest children, double the obligation imposed by Code § 20-108.2 for a couple with a combined monthly gross income of $5,000.

I.

The husband first argues that none of the financial affidavits or exhibits filed and exchanged by the parties were offered into evidence. As such, he asserts that none of these materials should be incorporated into the appellate record. We disagree.

The trial court ordered the parties to file and exchange the information in question. In our opinion, the sworn affidavits filed at the direction of the court constituted written evidence given under oath and was given the same weight as verbal testimony offered by the parties.

## II.

The husband next argues that the wife, in seeking modification of child support, had the burden of proving both a material change in circumstance and that such a change justified an alteration in the amount of support. The husband's primary contention is that it is necessary to show that the needs of the children have changed in order to modify child support. He relies upon *Mayhood v. Mayhood*, 4 Va. App. 365, 358 S.E.2d 182 (1987) and *Yohay v. Ryan*, 4 Va. App. 559, 359 S.E.2d 320 (1987). His reliance is misplaced. In neither of those cases was the court faced with the precise issue presented by this record.

In *Mayhood*, the father appealed the decision of the trial court increasing the amount of his child support obligation. The mother had moved for an increase due to the fact that one of the two children needed professional counseling. Neither a transcript of the hearing nor a written statement of facts was contained in the record. There was no evidence as to the expense involved in the counseling. Upon this record, we reversed because we could not determine whether the trial court did or did not abuse its discretion in ordering an increase of child support. Unlike this case, the record in *Mayhood* contained no evidence that there had been any change in the financial condition of either of the parents.

In *Yohay*, the father appealed a decision denying him a reduction in his child support obligation. We stated that "the trial court must assess whether the requested reduction, based on a material change in circumstances, is justified in light of the overall circumstances of both parties and the impact on the needs of the children." 4 Va. App. at 566, 359 S.E.2d at 325.

Here, the requested change was based upon the husband's substantial increase in income. There has been no suggestion that the basic needs of the children have changed or have gone unmet. The wife argues the possibility that the children's needs will not be met in the future due to the cessation of her spousal support, but the primary thrust of her position is that the husband should share his increased income to provide for more than bare necessities for his children who are still his legal responsibility. We agree with this argument. The problem presented, however, is broader in scope.

Child support awards are based not solely upon need, but also upon the ability to provide support. The parties' children should not be expected merely to survive while the non-custodial parent, who has an ability to provide for more than bare necessities, lives in comfort or affluence. To determine the degree to which the non-custodial spouse should share his or her prosperity, a court must look both to the Code and to traditional standards of reasonableness. In making an award, the guidelines set forth in Code § 20-108.2 should be viewed by the court as but one part of the equation, together with the particular facts and circumstances of each individual case, including the standard of living established for the family during the marriage.

The court must consider the basic needs of the child, the parent's ability to pay, and to the extent that the parent is able to provide more than the basic necessities of life, the degree to which the child should reasonably share in his or her parents' prosperity. It must be kept in mind, however, that the dependent child is not his parent's business partner. A child living at home with both parents is entitled to have his basic needs provided. Beyond that, however, the child is the beneficiary of his parent's generosity. Where, as here, a child is separated from one of his parents, the law of this Commonwealth allows the courts to provide for the child's basic needs and, within reason, some measure of assumed parental generosity.

In our view, Code § 20-108.2 provides the court with reasonable guidelines based upon ability to pay. At the lower end of the scale the child's needs may not be fully met, yet the legislature has determined that it would be unjust to obligate a noncustodial parent with minimal income to pay more. As income increases, the ability to provide for a dependent's needs increases. At no point, however, do the Code guidelines indicate that the child's needs will be fully met. When the chancellor applies Code § 20-108.2, however, it is assumed that the court acted reasonably and the burden rests upon the challenging party to show to the contrary.

In the instant case the wife met her initial burden of showing a substantial increase in the husband's income. On this evidence the guidelines indicated her entitlement to an increased support payment on behalf of the child. It was then incumbent upon the husband, who wished to pay a sum lower than that suggested by

Code § 20-108.2, to show that the suggested award would provide an excessive amount above and beyond that needed to furnish the child's basic needs. It is our opinion that the husband has made no showing that the court acted unreasonably or that the support award is excessive.

### III.

Finally, the husband argues that doubling the basic support obligation subjects him to a disproportionately higher obligation than would be found if the court continued the logical progression of the chart until it reached the amount of the combined income. The husband contends, therefore, that the trial court abused its discretion in determining the amount of the child support award. We agree.

It is our opinion that the trial court properly exercises its discretion, in matters of determining a support award if it sets forth an adequate and reasonable basis for the award. It is clear from a review of the court's October 28, 1988, ruling that the trial judge failed to indicate the rationale for his award. In such a case, we are compelled to reverse the award and remand this case to the trial court to set forth adequate reasons for its award.

Accordingly, the decree appealed from is

*Reversed and remanded.*

Baker, J., and Coleman, J., concurred.