# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

In re Thomas A. Gregory

November 13, 1990

Case No. (Juvenile Appeal) 7111

By JUDGE JAY T. SWETT

This matter is on an appeal from an order of the Juvenile and Domestic Relations Court for the City of Charlottesville. Petitioner initiated this action by filing for an increase in child support. Petitioner and respondent were divorced on June 1, 1988. Since October 2, 1987, the respondent was ordered to pay $75.00 per week to support their two children. On July 2, 1990, the Juvenile and Domestic Relations Court ordered respondent to increase his child support payments to $129.89 per week retroactive to May 11, 1990. Respondent noted a timely appeal.

A hearing was held on October 24, 1990. Respondent first moved to dismiss the appeal on the grounds that the original petition failed to state a claim upon which relief could be granted. Respondent argued that the petition did not allege facts which, if proven, would constitute a material change in circumstances and that such change would warrant a modification of support. In support of his argument, respondent relies on § 20-108 of the Virginia Code which states that the "petition shall set forth the reasons for the relief sought . . . ." Here, the petition only alleged that the $75.00 amount was inadequate and was not consistent with the guidelines in § 20-108.2. While this argument is meritorious, the court declines to dismiss the petition on this ground. It is a better practice for a petition to be specific regarding the reasons for an increase in support. However, the modern trend toward

notice pleading would seem to permit the minimum amount pleaded as was done in this particular petition.

The evidence of petitioner was that she is employed earning approximately $15,500.00 per year. She testified that respondent's salary is $19,740.00 per year. She testified that child care expenses for their two children is $599.33 per month. Petitioner testified to unspecific increases in child care expenses, extracurricular activities for the children, and in clothing expenses since June of 1988. However, there was no evidence as to the amount of such increase. She testified that respondent has continuously provided medical coverage for both children. Petitioner testified as to her current monthly expenses.

At the conclusion of the petitioner's evidence, respondent moved to strike, arguing that the evidence of the petitioner, when considered in the light most favorable to the petitioner, was not sufficient to find either a material change in circumstances or that such a change, if shown, would warrant a modification of support. Respondent's motion was taken under advisement. Evidence was then introduced by respondent. Rebuttal evidence was introduced by the petitioner.

After considering the matter, the motion to strike should have been granted. The evidence of the petitioner, taken in the light most favorable to the petitioner, was insufficient to carry her burden to prove both a material change in circumstances and that such change would warrant a modification of support. *Schoenwetter v. Schoenwetter*, 8 Va. App. 601, 605 (1989). Petitioner's evidence consisted of their two incomes and her current expenses. Petitioner relies on the fact that the child support guidelines in Section 20-108.2 would call for a basic monthly child support obligation of $718.33 based on their current incomes and on the current child care payments. When this amount is compared to the current support order of $75.00 per week, petitioner argues that the higher amount called for in the guidelines is sufficient to sustain her burden of proving both a material change in circumstances and that such change warrants a modification of the support award. There was no evidence in the petitioner's case in chief of her income, respondent's income, of child care costs, clothing costs, or other expenses at the time of the entry of the original award.

Modification of a child support award under § 20-108 is not warranted when the only evidence of the petitioner is that the current incomes of the mother and father plus current child care costs would call for a substantially increased award under the § 20-108.2 guidelines when compared to the existing award of child support. While it is correct that § 20-108.1(B) provides that "[i]n any proceeding on the issue of determining child support, the court shall consider all evidence presented . . ." including the guidelines, a threshold finding must nevertheless be made before such evidence requires a modification of an existing award. That threshold finding is the traditional one on a moving party who files a petition for modification of support. The petitioner has the burden of proof to show a material change in circumstances and that the change warrants a modification of support. Evidence to prove a material change in circumstances is just that, evidence which shows that circumstances have changed since the original award of child support.

Here, the only evidence presented by petitioner in her case in chief consisted of current income and expenses. Unspecific generalized allegations that there have been increases in child care expenses, extracurricular activities, and clothing expenses are not sufficient to carry the petitioner's burden to prove a material change in circumstances or that such circumstances warrant a change in the award.

The recent case of *Conway v. Conway*, 10 Va. App. 653 (1990), is helpful. In *Conway*, the Court of Appeals did not question the traditional burden upon a petitioner to prove both a material change in circumstances and that such a change justified an alteration in a support award. In *Conway*, the evidence showed a substantial increase in the husband's income from the time of the original award to the time of the petition. The specific issue before the Court of Appeals was whether the husband's substantial increase in income could be a basis for an increased support award. Concluding that it could be, the Court of Appeals appeared to approve the trial court's use of the § 20-108.2 guidelines although the Court of Appeals ultimately reversed the trial court's award. But what is important is that the guidelines were considered

after petitioner had shown the material change in circumstances as to husband's increased income.

Thus, although the § 20-108.2 guidelines must be considered in determining the amount of an increase in a child support award, the initial burden is upon the petitioner to show a material change in circumstances and that such change warrants a modification of support.

Here, the petitioner's evidence did not meet the threshold burden. The motion to strike, having been taken under advisement, is now granted.