## CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Benjamin V. May, Jr.

v.

Anne Shields Dickson May

September 10, 1991

Case No. (Chancery) 6953

By JUDGE JAY T. SWETT

The respondent, Anne Shields Dickson May, has moved the court for an increase in an award of child support for the younger of the parties' two children. The request presents several legal issues. First, when a husband and wife execute an agreement providing for a unitary support award for the wife and two children, under what circumstances, if any, can a trial court amend the child support portion of the award? Second, if the request for an increase is appropriate, how should the court apply the child support obligations under Va. Code § 20-108.2 where the combined monthly gross income exceeds the statutory schedule? Third, if an increase in child support is appropriate, how should the unitary sum be apportioned between spousal and child support? The evidence presented at the August 26, 1991, hearing indicated the following.

The parties were married in 1966. They have two children whose ages, as of the date of the hearing, were 15 and 20. The parties separated in 1984 and shortly thereafter executed a comprehensive separation agreement. Under that agreement, Mrs. May took custody of the two minor children. Mr. May agreed to pay monthly the sum of $1,500.00 as a unitary award for support for Mrs. May and the two

children. The agreement provided that the award would increase to $1,800.00 per month if Mr. May's assets increased to the level of $3,000,000.00. At the time of the agreement, the parties stipulated that his assets were worth $1,600,000.00. Mr. May's support obligations were to continue until Mrs. May's death, or the younger of the two children reached the age of 22, or Mr. May became custodian of the two children. The support payments are to continue even if Mrs. May remarries.

By stipulation, the parties agree that Mr. May's net worth exceeded $3,000,000.00 as of January 31, 1991, such that his contractual obligation to pay support became $1,800.00 effective on February 1, 1991. As stated earlier, the issue presented here by Mrs. May's request for an increase in child support is the extent to which she is entitled to any increase over and above the $1,800.00, such amount being for child support for the younger of the two children, Benjamin. Mr. May's obligation to pay support for the benefit of the older emancipated daughter is now only a matter of contract.

The evidence showed that during the marriage, Mr. May was never gainfully employed. He describes himself as a self-employed investor with an interest in mathematics, which in reality is more of a hobby. He spends a portion of his time managing his personal estate. In 1984 his gross income was approximately $85,000.00. In 1990, his gross income was $154,000.00. As previously indicated, his net worth from 1984 to 1991 almost doubled, from $1,600,000.00 to $3,150,000.00.

Following their separation in 1984, Mrs. May became a real estate agent. Her earned income from that business varied over the years. Thus far in 1991, she has no earned income. The average of her earnings over the last seven years from real estate is $12,000.00. In 1984, according to the agreement, her personal assets were worth $300,000.00. However, this did not include the value of the marital residence which she acquired under the separation agreement. She testified that the total value of her assets in 1991 is approximately $580,000.00, including the marital residence whose equity she valued at $155,000.00.

The primary basis for the request for an increase in child support for Benjamin is Mr. May's substantial

increase in income. Mrs. May has not argued, nor is there evidence to support, that an increase in support is warranted based upon unmet needs of the unemancipated child. Whether an increase in the noncustodial parent's income may, standing alone, be the basis for a modification of child support has been recently answered in the affirmative in *Conway v. Conway*, 10 Va. App. 653 (1990). There, the Court of Appeals indicated that child support awards are based upon the dual considerations of need and ability to provide support. In addition, as is the case here, if the noncustodial parent is able to pay more than that which is required to support basic necessities, the court may consider "the degree to which the child should reasonably share in his or her parents' prosperity." 10 Va. App. at 658.

Here, the evidence supports a finding of a change in circumstances as evident by Mr. May's substantial increase in income from $85,000.00 in 1984 to $154,000.00 in 1990. Having found a change in circumstances, I further find, based on *Conway v. Conway*, that there is justification to increase the child support for Benjamin on the grounds suggested in *Conway*, that Mr. May as the noncustodial spouse should share his prosperity with his children.

Having concluded that an increase in child support for Benjamin is appropriate, the next inquiry is to determine the amount of increase. Two questions are involved. The first is the significance of the child support guidelines under § 20-108.2. The second is the appropriate allocation of the unitary support award, which the parties now concede is $1,800.00 per month as of February 1, 1991.

*Conway, supra*, and the two recent cases of *Richardson v. Richardson*, 12 Va. App. 18 (1991), and *Milligan v. Milligan*, 12 Va. App. ---, 407 S.E.2d 702 (1991), provide that the "starting point for a trial court in determining the monthly child support obligation of a party is the amount as computed by the schedule found in Va. Code Section 20-108.2(B)." 12 Va. App. at 21. Here, the combined monthly income of Mr. and Mrs. May exceeds the statutory schedule. As of the date of the hearing, the combined monthly income was $13,091.00. This consisted of Mr. May's annual income of $154,000.00, less $23,000.00 for self-employment expenses, less his current annual support obligation of $21,600.00, resulting in a monthly gross income of

$9,116.00. Mrs. May's monthly income consists of her earned income from real estate, her unearned income, and her monthly support award for a total of $3,975.00.

The schedule contained in § 20-108.2 has a maximum gross monthly income of $10,000.00 and a corresponding support guideline amount for one child of $1,014.00. At the upper level of the statutory guidelines schedule, increases in monthly gross income do not produce the same percentage of increase in child support. For example, an increase in monthly income from $9,000.00 to $10,000.00 represents an 11% increase in income, but only calls for an increase of child support of $44.00, or less than a 5% increase in child support. The court sees no reason not to use the same percentages for monthly incomes in excess of $10,000.00. Accordingly, the court finds that the presumptive child support obligation for Benjamin under the facts of this case is $1,146.00. Mr. May's per-centage of this amount is 70% or $802.00.

Having determined the presumptive amount of child support for Mr. May, the next issue is whether the evidence supports a finding that such an award would be either unjust or inappropriate given the considerations of Section 20-108.1(B).

After considering the evidence and all of the factors in § 20-108.1, the court concludes that the presumed amount of $802.00 per month would be inappropriate in this case based upon two of the factors in § 20-108.1. More specifi-cally, the court finds that the financial resources of Mr. May and the tax consequences to the parties call for an increase over and above the guideline award. Here, Mr. May has a net worth in excess of $3,000,000.00. For all intents and purposes, he does not work, but rather spends most of his time pursuing his interest in mathematics and reviewing his sizeable stock portfolio. While it is arguable that another reason to justify an increase above the guideline support is to impute income to Mr. May based on his voluntary unemployment, the evidence is that Mr. May's employment situation has remained essentially the same since the parties were married. While perhaps related, the court does not impute income to Mr. May because there is no evidence as to what such a figure would be. Rather, it is his financial resources that are of such magnitude that he need not work.

The second basis is the tax consequences of the unitary award are such that the award is deductible to Mr. May and taxable to Mrs. May. While this tax burden was part of the agreement, it nevertheless is a factor justifying an award greater than the guidelines amount.

Having found reasons to depart from the statutory guidelines, the next question is to allocate from the unitary award the current amount of child support paid to Mrs. May. This requires an apportionment of the current support obligation of $1,800.00. Following the principles of *Wickham v. Wickham*, 215 Va. 694 (1975), and *Carter v. Carter*, 215 Va. 475 (1975), the court apportions the current $1,800.00 unitary support award equally among Mrs. May and the children, or $600.00 for child support for Benjamin.

Based upon the evidence presented, including the significant financial resources available to Mr. May and the tax consequences to the parties, the court finds that the appropriate child support award for Mr. May to pay Mrs. May is $1,402.00, representing an additional $600.00 over and above the guideline award. Since I have allocated Mr. May's current child support obligation for Benjamin at $600.00 per month, Mr. May shall increase his unitary support payment to Mrs. May by the sum of $802.00, representing the difference between the increased child support award and the $600.00 allocation of his present unitary award. This amount is awarded to Mrs. May retroactive to the date of the filing of Mrs. May's petition requesting the increase in child support.

Accordingly, pursuant to the parties' stipulation, Mr. May's monthly unitary obligation is $1,800.00 beginning on February 1, 1991, through the date of the filing of Mrs. May's petition for an increase in child support. Effective that date, Mr. May's monthly unitary obligation shall be $2,602.00. Any arrearage created by this order shall be paid within forty-five days of the date of this memorandum opinion.

Finally, the circumstances are such that the court finds that an award of attorney fees to Mrs. May is appropriate, and the court awards the sum of $1,629.75, also payable within forty-five days of this date.