COURT OF APPEALS OF VIRGINIA


Present:  Judges Benton, Annunziata and Senior Judge Coleman
Argued at Alexandria, Virginia


WALTER GEORGE

                                    MEMORANDUM OPINION[*] BY
v.    Record No. 2927-00-4          JUDGE JAMES W. BENTON, JR.
                                         NOVEMBER 13, 2001
BARBARA E. LOCKLIN-GEORGE


            FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                   Benjamin N.A. Kendrick, Judge

          Raymond B. Benzinger (Mary M. Benzinger;
          Benzinger & Benzinger, P.C., on briefs), for
          appellant.

          Paul R. Smollar (Kuder, Smollar & Friedman,
          P.C., on brief), for appellee.


     Walter George appeals from a domestic relations decree

awarding child support, denying his request for spousal support,

and distributing property between him and his wife, Barbara E.

Locklin-George.  He contends the trial judge erred by (1)

adopting verbatim the wife's findings of facts, (2) failing to

impute income to the wife, (3) imputing income to the husband,

(4) using the husband's gross income from self-employment to

determine child support, (5) refusing to grant the husband

spousal support or, in the alternative, a reservation of spousal

support, and (6) fashioning a property award contrary to the

evidence.  The wife contends the trial judge abused his

_____
        [*] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

discretion by denying her request for attorney's fees, and she seeks attorney's fees relating to this appeal.  For the reasons that follow, we affirm the decree, with the exception of the denial of a reservation of right for spousal support.

I.

The parties married in April of 1982.  On September 9, 1999, the wife filed a bill of complaint for divorce.  The husband filed an answer and cross bill also seeking a divorce.  Upon the commissioner in chancery's recommendation, the trial judge entered a final decree of divorce granting the wife a divorce based on the parties' separation of more than one year.  The decree reserved jurisdiction to award child support, spousal support, and a property distribution.

The husband, the wife, and one other witness testified at the September 14, 2000 evidentiary hearing.  The wife presented thirty-five exhibits; the husband presented two.  At the conclusion of the hearing, the trial judge ordered the parties to submit proposed findings of fact by September 25, 2000.  The wife timely filed her proposed findings.  The husband, however, submitted his findings two days late, on September 27, 2000.  The trial judge adopted verbatim thirty-eight of the wife's forty-four proposed findings of fact, rejecting six findings related to attorney's fees.  Both parties appeal from the final order, which incorporates those findings.

II.

A. Findings of Fact

When the trial judge hears the testimony of witnesses ore tenus, we review the judge's findings of fact in the light most favorable to the party who prevailed below. Romero v. Colbow, 27 Va. App. 88, 92, 497 S.E.2d 516, 518 (1998). Furthermore, the trial judge's findings "after an ore tenus hearing should not be disturbed on appeal unless they are plainly wrong or without evidence to support them." Schweider v. Schweider, 243 Va. 245, 250, 415 S.E.2d 135, 138 (1992). Upon our review of the record, we conclude that the evidence supports the findings that the husband challenges.

The husband contends the trial judge impermissibly found that he continued to work full-time on the residence the parties owned. The finding recites, however, that "beginning in August, 1998, . . . [the husband] began devoting some time to his business and has continued to do so." Moreover, the testimony conflicts on whether the husband did substantial work on the house after 1999. The husband's own witness contradicted the wife's testimony that the husband had finished renovations in 1999. The witness testified that he would not agree that the house was "essentially" finished in 1999 because husband continued to work on the house in the year 2000. Given the conflicting testimony, the trial judge could conclude that

husband was working extensively on finishing the renovations in 1999.

The husband also challenges several of the trial judge's findings that the husband was employed only part-time in 2000. At the hearing, the husband failed to offer any evidence regarding the number of days or hours per week he worked. Moreover, the trial judge had credible evidence from which he could infer that husband was not working full-time. For example, the husband's lack of sales supports the conclusion that he had not been devoting his full energy into his work. In 1998, the husband had three or four sales for the year while he was working almost exclusively on the house. In 2000, he had made only three to four sales for the first half of the year; he admitted that he did not have a list of inventory for his equipment; and he did not know what items he currently possessed. In short, the husband failed to present sufficient evidence to support his claim of full-time employment.

The husband contends the judge erred in finding that he has not incurred separate debt since the separation. He contends that his testimony proves his separate debt. The record contains only generalized testimony that the husband "was taking loans" and "borrow[ing]" money from his family to pay debts. The record contains no specific amounts of borrowing or debts. According to well established principles, the trial judge "ascertains a witness' credibility, determines the weight to be given to [the witness'] testimony, and has the discretion to accept or reject any of the witness' testimony." Street v. Street, 25 Va. App. 380, 388, 488 S.E.2d 665, 668 (1997) (en banc). Thus, the trial

judge was entitled to reject the husband's testimony about general, unquantified borrowings and to conclude that the evidence failed to prove the husband had separate debts.

The husband contends the trial judge's finding concerning his income and expense statement was erroneous. The record establishes that the husband failed to offer as evidence a statement of his income and expenses. The exhibit in the record was provided by the wife as the statement the husband prepared in 2000. The factual finding is supported by that exhibit.

The husband contends the trial judge's finding that he had not worked after returning to Detroit is in conflict with the finding that the parties worked throughout the marriage. These statements do not contradict each other. The husband did not deny that within months of returning to Detroit, he quit his employment at Ford. The judge's finding does not suggest that the husband never worked after returning to Detroit, but only that he was unemployed for a period after his return. Indeed, the husband testified that he "was unemployed at the time [they] married."

The husband further contends the trial judge erroneously found that he "continued to search for work" following the wife's graduation from law school. The husband argues that in the year following the wife's graduation from law school, he was gainfully employed as a wedding photographer and as an investigator for law firms. The husband testified, however, that the position as a camera salesman was "at times[,] . . . full-time and there may have been times when they just didn't schedule full-time." Wife also testified that husband's work as an investigator was

"somewhat sporadic."

In summary, the husband has not overcome his burden of proving the trial judge's factual findings were not supported by credible evidence.  Viewed in the light most favorable to the wife, the prevailing party below, the evidence in the record is sufficient to support the trial judge's findings of fact.

B.  Imputation of Income for Child Support

The husband contends the trial judge improperly ordered him to pay child support.  He argues the trial judge erred by failing to calculate wife's income at a full-time rate, imputing income to him without finding he was voluntarily under-employed or voluntarily unemployed, and using his gross income from self-employment to determine child support.

1.  Income of the Wife

"A parent may not 'purposefully choose to pursue a low paying career which operates to the detriment of . . . [the parent's] children.'"  Brooks v. Rogers, 18 Va. App. 585, 592, 445 S.E.2d 725, 792 (1994) (citation omitted).  In determining child support, the trial judge is required to "consider all evidence presented relevant" to that issue.  Code § 20-108.1(B).  Decisions concerning imputation of income are governed in part by the following principles:

> A trial court may impute income to the
> spouse receiving child or spousal support
> under appropriate circumstances.  See Code
> § 20-108.1(B)(3) (child support); Srinivasan
> v. Srinivasan, 10 Va. App. 728, 734, 396
> S.E.2d 675, 679 (1990) (spousal support).
> In child support cases, Code § 20-108.1
> provides a rebuttable presumption that the
> amount of child support indicated by the
> guidelines contained in Code § 20-108.2 is

the correct support amount. See Barnhill v. Brooks, 15 Va. App. 696, 699, 427 S.E.2d 209, 212 (1993). A court must consider the factors in Code § 20-108.1(B) in deciding whether to deviate from the presumptive amount. These factors include "[i]mputed income to a party who is voluntarily unemployed or under employed." Code § 20-108.1(B)(3). Any child support award must be based on circumstances existing at the time the award is made. Payne v. Payne, 5 Va. App. 359, 364, 363 S.E.2d 428, 431 (1987).

Sargent v. Sargent, 20 Va. App. 694, 703, 460 S.E.2d 596, 600 (1995).

"When asked to impute income to a parent, the trial court must consider the parent's earning capacity, financial resources, education and training, ability to secure such education and training, and other factors relevant to the equities of the parents and children." Niemiec v. Commonwealth, Dep't of Soc. Servs., 27 Va. App. 446, 451, 499 S.E.2d 576, 579 (1998). Moreover, we have held that "[t]he burden is on the party seeking the imputation to prove that the other parent was voluntarily foregoing more gainful employment, either by producing evidence of a higher-paying former job or by showing that more lucrative work was currently available." Id. at 451, 499 S.E.2d at 579.

Deciding not to impute income to either party, the trial judge found as follows:

[The husband] has chosen to work part-time. [The husband] has demonstrated a greater earning ability based upon past efforts in his business. [The husband] has also demonstrated a past willingness to quit working when he no longer likes his job, regardless of whether he has another job at the time. In addition, [the husband] has

also demonstrated that he will work conscientiously and long hours when he wants to and chooses to do so, such as during 1995 and 1996 on his business and from 1997 to the present on the house. When he so applies himself he produces either a substantial income, as in the case of the business, or competent workmanship, as in the case of the renovations. . . . [The wife] is working part-time in order to take care of their 2-year-old child, pursuant to the parties' understanding. Hence, since both parties have freely chosen to live at a certain lifestyle based on part-time work, both prior to and since the separation, and since the record establishes that the minor child's basic needs are being met, income need not be imputed to either or both parties for purposes of child support or alimony.

The evidence proved that after their son was born in October 1997, the wife returned to work part-time. She and the husband agreed when she moved from Detroit to Washington that they wanted children and that this job would afford her the opportunity to work part-time. She works twenty-four hours of the thirty-five hours, which constitute a full-time schedule at her employment. The parties agreed to share equal physical custody of their son, who was two years old when the litigation began. The evidence also supports the judge's finding that the husband works part-time.

The evidence proved that each party earns in excess of $60,000 annually. The trial judge found and the evidence proves that the child's financial needs are met. "We recognize that decisions concerning . . . child . . . 'support rest within the sound discretion of the trial court and will not be reversed on appeal unless plainly wrong or unsupported by the evidence.'"

Sargent, 20 Va. App. at 703, 460 S.E.2d at 600 (citation omitted).  Thus, we have held that in determining child support "[i]mputation of income is within the trial judge's discretion." Id. at 704, 460 S.E.2d at 601.  We cannot say that the trial judge's decision in this case was an abuse of discretion.

2.  Income of the Husband

The husband contends the trial judge improperly imputed income to him without finding he was voluntarily unemployed or voluntarily under-employed.  Upon review of the trial judge's order, we find nothing that suggests the judge imputed income to the husband.  Indeed, the trial judge specifically found that

"income need not be imputed to either . . . party for purposes of child support or alimony."

Imputation of income occurs where the judge attributes income to a person based upon a rate of income which is higher than that which the person's current employment or weekly hours would yield. See Niemiec, 27 Va. App. at 451, 499 S.E.2d at 579. The husband's gross business receipts from self-employment for the first five months of the year were approximately $67,000, and his business expenses were approximately $5,000. Therefore, his gross receipts for the first five months of 2000 exceeded $12,000 per month. The trial judge merely inferred that husband would earn at least $5,000 per month given his current income and his earning potential for the remainder of the year. That inference was based, in part, on the husband's earnings for the first half of the year and his gross income of $225,000 in 1995 and $166,987 in 1996.

In addition, the trial judge did not err in finding that husband's income would be at least $5,000 per month. Any lack of specificity in determining husband's exact amount of gross income is due in large measure to the lack of evidence provided by the husband. Although the husband testified knowledgeably from bank deposits about his business receipts, his testimony regarding his business expenses was undocumented and partly speculative. Because he failed to provide the necessary information on which to determine precisely his gross income, he cannot now take advantage of his failure by challenging the order. It is sufficient that the trial judge found that the husband's income was essentially comparable to the wife's. The record contains no

evidence that income was imputed to the husband.

### 3. Gross Income

The husband contends the trial judge failed to deduct reasonable business expenses from his gross income. The husband presented no evidence, other than his own testimony, of his income. He had not even prepared or filed income tax returns for 1997, 1998, and 1999. Although he testified about various business expenses, he provided no documentation to support those items. When testifying about rents, for example, he said "up until a couple of months ago, I was paying $2,030 a month in rent." He gave no more definite time frame and provided no proof.

Although reasonable business expenses must be deducted when calculating gross income for self-employed persons, see Code § 20-108.2(C), nothing in the record suggests the judge failed to consider evidence of such expenses. Simply put, the husband failed to prove his expenses. The burden of proving the business expenses, however, reasonably falls on the person involved in the business. See id. Moreover, "[w]hen the [trial judge] applies Code § 20-108.2 . . . it is assumed that the [judge] acted reasonably and the burden rests upon the challenging party to show to the contrary." Conway v. Conway, 10 Va. App. 653, 658, 395 S.E.2d 464, 467 (1990). The evidence supports the trial judge's ruling.

### C. Denial of Spousal Support

Husband contends the trial judge erred by failing to award spousal support or a reservation for spousal support. In determining whether to award spousal support, the trial judge

must consider the factors outlined in Code § 20-107.1(E).  "When the [trial judge] has given due consideration to these factors, his determination will not be disturbed on appeal except for a clear abuse of discretion."  Collier v. Collier, 2 Va. App. 125, 129, 341 S.E.2d 827, 829 (1986).  "[I]n fixing spousal support, a trial [judge] has broad discretion which should not be interfered with by an appellate court unless it is clear that some injustice has been done."  Papuchis v. Papuchis, 2 Va. App. 130, 133, 341 S.E.2d 829, 831 (1986).

The trial judge considered and made findings on each of the factors enumerated in Code § 20-107.1(E).  In particular, the judge found that the parties had not maintained an extravagant lifestyle during the marriage.  The judge also found that the husband's income expense statement did not indicate the husband had financial need and that the wife's income expense statement indicated a negative monthly balance.  The trial judge's factual determinations were supported by credible evidence.  Thus, the

trial judge did not abuse his discretion when relying on those factors in denying spousal support to the husband.

The husband argues that the trial judge erred by failing to take into account the wife's earning capacity as increased by her law degree. This argument is without merit. In determining whether to award spousal support, the judge considered the wife's monthly income expense statement. The wife's income in the statement is based on wife's current employment as an attorney. We have already held that the trial judge did not err by not imputing income to either party. Moreover, in Srinivasan, we held that "one who seeks spousal support is obligated to earn as much as he or she reasonably can to reduce the amount of the support need." 10 Va. App. at 734, 396 S.E.2d at 679. Here, the trial judge found that the husband was currently working part-time and had earned considerably more when he dedicated his full attention and energy to his business. Because the judge determined that the husband had not maximized his earnings, it would be improper to impute income to the wife in order to award the husband spousal support.

The husband also asserts that the judge erred by failing to grant a reservation of right to seek future spousal support. We agree. "[I]t is consistent with the purpose of the law to include [a reservation of spousal support.]" Bacon v. Bacon, 3 Va. App. 484, 491, 351 S.E.2d 37, 41 (1986). Thus, we have consistently "held that where there is no bar to the right of spousal support 'it is reversible error for the trial court, upon request of either party, to fail to make a reservation in the decree of the right to receive spousal support in the event of a

change of circumstances,' even though, at the time of the decree, neither party needed support." Blank v. Blank, 10 Va. App. 1, 4, 389 S.E.2d 723, 724 (1990) (citation omitted).

The trial judge made no finding of fault in granting the divorce and gives no justification for denying husband's request. The husband's request in his findings of fact that the issue of spousal support be reserved in the event of a change in circumstances was adequate to raise the issue for consideration. See Vissicchio v. Vissicchio, 27 Va. App. 240, 254, 498 S.E.2d 425, 432 (1998) (holding that an implicit request is sufficient). Accordingly, we remand to the trial judge for reconsideration the issue of reservation of right for future support.

### D.  Property of the Parties

In decreeing concerning property, the judge is required to consider the factors in Code § 20-107.3(E).  On appeal, we are guided by the following principles:

> The statute empowers the [trial judge] to determine what property is subject to distribution between the parties, authorizes him to determine the value of that property and the interests of each party, and directs him then to distribute the property equitably.  The [judge] has the benefit of statutory guidelines, but because rights and interests in marital property are difficult to determine and evaluate and competing equities are difficult to reconcile, the [judge] is necessarily vested with broad discretion in the discharge of the duties the statute imposes upon him.  Unless it appears from the record that the [judge] has abused his discretion, that he has not considered or has misapplied one of the statutory mandates, or that the evidence fails to support the findings of fact underlying his resolution of the conflict in the equities, the [judge's] equitable

> distribution award will not be reversed on appeal.

Smoot v. Smoot, 233 Va. 435, 443, 357 S.E.2d 728, 732 (1987).

The husband contends the trial judge abused his discretion when he awarded the wife her entire pension. He argues that the pension was earned during the marriage and that the trial judge should have awarded him a share of the pension. On review, however, we must consider the overall fairness of the entire equitable distribution award. The trial judge's obligation under the statute is to make an equitable distribution of "the value of marital property between spouses based upon each spouse's contribution to the acquisition, preservation, or improvement of property obtained during the marriage." Lightburn v. Lightburn, 22 Va. App. 612, 619, 472 S.E.2d 281, 284 (1996). "While the [judge] was required to consider the pension as marital property, the judge was not required to award the [spouse] any part of it so long as the overall distribution of the marital property was equitable." Srinivasan, 10 Va. App. at 733, 396 S.E.2d at 678.

The trial judge specifically found that "[t]here was no testimony that [the husband] made any effort throughout the marriage to develop an IRA or other retirement fund." The record also established and the trial judge found that the husband quit a job in Detroit "that paid well and had excellent benefits." The husband also earned substantial sums in his employment during the marriage. Yet, he never established a retirement fund. We cannot say the trial judge abused his discretion in ruling that among the marital assets to be retained by the wife as a part of the equitable distribution of the marital property was the

pension.

We disagree with the husband's contention that the evidence did not value the pension. The trial judge accepted the wife's proof of value and valuation date of the pension. Exhibit 16 presented by the wife valued the pension as of June 1, 1998, two months prior to the parties' separation. The husband failed to offer any contrary evidence regarding the valuation of the pension. It is the responsibility of the parties to present the trial judge with current evidence from which the judge can make a valuation of the property. See Stratton v. Stratton, 16 Va. App. 878, 883, 433 S.E.2d 920, 922 (1993). Moreover, the trial judge generally has discretion in determining the date on which to value an asset. See Rowe v. Rowe, 33 Va. App. 250, 264-65, 532 S.E.2d 908, 915 (2000). We cannot say the trial judge abused his discretion in accepting the June 1, 1998 valuation.

The husband also contends the trial judge erred by awarding the wife $24,000 from her 401(k) plan and then dividing equally between the parties the balance of the money in the plan. We disagree. Pursuant to Code § 20-107.3, the trial judge must "divide fairly the value of the marital assets acquired by the parties during marriage with due regard for both their monetary and nonmonetary contributions to the acquisition and maintenance of the property and to the marriage." O'Loughlin v. O'Loughlin, 20 Va. App. 522, 524, 458 S.E.2d 323, 324 (1995). Code § 20-107.3(E) specifically directs the judge to consider the basis for marital debts.

The wife testified that they incurred substantial credit card debts after the birth of their son because the husband was

contributing minimal income. Instead of working at his business, husband opted to expend a substantial amount of his time renovating a residence they owned. To replace his income, they had to "tak[e] cash advances out of the credit cards." She testified that the renovation "took . . . four and a half years" and that they needed to sell the residence because they "had all this credit debt that was killing [them]."

When the parties separated they owed $50,922 in credit card debts. The evidence proved the wife paid portions of that debt monthly with earnings she acquired after the parties had separated. When she had paid a total of $24,079, she reimbursed herself for those payments by borrowing from her 401(k) plan in May 1999. The trial judge essentially found that the wife transferred the credit card marital debt into 401(k) marital debt and reimbursed herself for the $24,000 she had previously expended from separate funds. The trial judge found that "[t]he loan from the 401(k) plan accordingly is marital debt."

Although the husband's complaint focuses upon this $24,000 portion of the award, we note that the judge in considering the basis for the marital debts had additional evidence. The wife testified that in January 2000 their finances made her take other steps to reduce their debt payments. The record reflects that on February 25, 2000, the wife obtained "a refinance loan" to reduce their mortgage payments and to pay the balance of the credit card debt, which was still outstanding after the $24,079 payment. The loan document recites "[t]hat in light of Husband's poor credit rating and parties' resultant inability to obtain credit jointly, Wife shall be the sole borrower on the Note, but that liability

for payment shall be equal."  The loan document also required the parties to pay the credit card balances, which were listed on the document and then totaled $51,419.  The refinance loan was secured by a deed of trust on the residence.

The judge found that "as a direct result of husband abandoning his business to work full time on the house, the family . . . [accumulated] . . . marital credit card debt."  The trial judge ordered that upon the sale of the residence, $24,000 of the net proceeds of the sale was to be used to pay the 401(k) plan loan.  The balance of the net proceeds from the sale of the residence was to be divided equally between the parties.  Upon consideration of the circumstances concerning the debt, the trial judge awarded the wife $24,000 from the 401(k) plan after payment of the debt and then ordered that the remaining money in the 401(k) plan be divided equally between the parties.  We find no abuse of discretion in the trial judge's decision to award the wife a larger portion of the asset represented by the 401(k) plan after payment of the debt.

The husband contends the trial judge should have treated as a marital debt $16,000 of his business debts.  The husband, however, offered no evidence to identify the amount, purpose, or date of the debts.  The trial judge awarded the husband the business and all of its assets.  The record does not establish that the judge erred in requiring the husband to pay the unspecified $16,000 debt incurred by the business.

The husband further contends that the trial judge's "biased comments taint[ed] the . . . equitable distribution award" and "cast doubt upon the trial [judge's] ability to fairly and

equitably resolve the issues."  We find no error.  As the fact finder and decision maker, the trial judge is in the unique position of evaluating the testimony of the witnesses and must engage in weighing the credibility of the testimony.  The judge is given broad discretion in determining factual issues and has discretion to accept or reject the evidence offered by the parties.  Street, 25 Va. App. at 388, 488 S.E.2d at 668.  We find no indication that the judge's statements were random attacks on the husband's character.  They were germane to the judge's evaluation of the facts.  The equitable distribution award contains no indication that the judge was biased against the husband.

In looking to the entire award, we cannot say the overall distribution was not equitable.  Upon consideration of the statutory factors, the judge noted that the wife had made substantially more financial contributions than husband.  The wife also made more nonmonetary contributions to the family.  The judge specifically noted that the husband's contribution to the marriage consisted of angry comments and emotional outbursts directed at the wife.  The judge also found that the husband was responsible for the creation and continuance of costly marital debt.  He also found that the husband failed to make any effort to establish a retirement fund during the marriage, even during the years that he earned substantial income.

The trial judge awarded the husband one-half the proceeds from the sale of the family home and a significant portion of the marital 401(k) plan which the wife earned through her employment.  The trial judge ultimately awarded the husband one-third of the

marital property even though he found that the husband contributed very little financially or emotionally to the stability of the family.  No statute or case decision requires the judge to divide equally the marital property.  Kaufman v. Kaufman, 7 Va. App. 488, 497, 375 S.E.2d 374, 379 (1988).  The goal of equitable distribution is to allow the trial judge flexibility in fashioning an award that is fair considering the equities of the parties.  We cannot say the judge abused his discretion in making the award.

### E.  Attorney's Fees

"It is well established that an award of attorney's fees [which arises out of legal representation] in a divorce proceeding is 'a matter submitted to the trial court's sound discretion and is reviewable on appeal only for an abuse of discretion.'"  Alphin v. Alphin, 15 Va. App. 395, 406, 424 S.E.2d 572, 578 (1992) (citation omitted).  We do not find the trial judge abused his discretion by denying the wife her attorney's fees.

We also do not find that this appeal warrants the award of attorney's fees.  "We have said that 'the key to a proper award of counsel fees . . . [is] reasonableness under all the circumstances revealed by the record.'"  Westbrook v. Westbrook, 5 Va. App. 446, 458, 364 S.E.2d 523, 530 (1988) (citation omitted).  The award is only proper where the opposing party's position finds no support in either law or fact.  Gottlieb v. Gottlieb, 19 Va. App. 77, 95, 448 S.E.2d 666, 677 (1994).

III.

For the aforementioned reasons, we affirm the decree on the issues of child support, spousal support, and equitable distribution. We remand the case to the circuit court for reconsideration of the husband's request for a reservation of right for future spousal support.

<u>Affirmed in part,</u>
<u>reversed in part, and remanded</u>