COURT OF APPEALS OF VIRGINIA


Present:   Judges Frank, Alston and Senior Judge Coleman


JONETTE A. KONDRATENKO

                                                      MEMORANDUM OPINION[*]
v.        Record No. 0215-10-4                             PER CURIAM
                                                         AUGUST 31, 2010
MICHAEL G. EARHART


                   FROM THE CIRCUIT COURT OF CULPEPER COUNTY
                              John G. Berry, Judge

                (Jonette A. Kondratenko, *pro se*, on brief).

                No brief for appellee.


        Jonette A. Kondratenko (mother) appeals a child support ruling.  Mother argues that the trial

court erred by (1) denying her the ability to maintain the lifestyle that she and the child enjoyed

since the child's birth; (2) ruling that the evidence presented did not justify a departure from the

child support guidelines when the evidence showed that mother put her career and education on

hold for the child's best interests; (3) not considering the burden placed on the mother, who had

been out of the workforce for approximately three years, to find a job in an economy with a high

unemployment rate; (4) directing a witness to divulge information contrary to the child support

guidelines when the guidelines state that gross income shall not include child support received;

(5) not considering all of the relevant information and evidence for the best interests of the child;

(6) finding that its decision was not unjust or inappropriate when father provided a standard of

living with the knowledge that mother was staying at home to care for the child; (7) placing the

burden of proof on mother who did not file the appeal from the juvenile and domestic relations

---

        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

district court; (8) not considering the child's best interests, current circumstances, and standard of living at the time of the trial; (9) suggesting that it was in the child's best interests for a single, stay-at-home mother, who temporarily gave up her career, to re-enter the workforce and place her child with a babysitter or day care; (10) not considering that mother had no means to retain a lawyer or qualify for assistance through legal aid to assist her with the trial; (11) holding a *pro se* litigant to the same standards as a practicing attorney; (12) denying the child the standard of living that was maintained for at least sixteen months prior to the trial, while mother stayed home with the child; (13) not applying the ruling in <u>Conway v. Conway</u>, 10 Va. App. 653, 395 S.E.2d 464 (1990), and allowing the child to share in the father's prosperity; (14) denying the child the standard of living that was established prior to the court proceedings when father's income was $11,083 per month and mother's income was $0; (15) not awarding $2,000 per month in child support, considering mother's evidence; (16) finding that there was insufficient evidence to deviate from the child support guidelines; (17) not considering all of mother's evidence in support of a deviation from the child support guidelines; (18) finding that father paid too much in July, August, September, and October 2009 and awarded him a credit by allowing him to deduct $25 per month from his monthly child support payment until the credit was eliminated; (19) finding that the evidence was insufficient to deviate from the guidelines and thereby ordering child support pursuant to the guidelines presumptive amount, even though mother was unemployed and staying at home to care for the child; (20) not considering the unique circumstances of this case and permitting a deviation from the child support guidelines; (21) not considering mother's evidence and her inability to gain experience after graduating from college because she stayed at home to care for her child, which was in his best interests; and (22) denying mother's motion to have missing information reviewed and entered into the trial court's records. Upon reviewing the record and opening brief, we conclude that this

appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. See Rule 5A:27.

## BACKGROUND

Mother and Michael G. Earhart (father) have one child together.[1] The parties were never married.

After the baby was born, mother worked part-time at Gold's Gym and then tried to start her own personal training business, but soon quit to stay home with her child. Mother was out of the workforce for approximately three years at the time of the trial.

Father paid $2,500 and mother's doctor's fees while she was pregnant. In the spring of 2008, father offered to pay $350 to $400 twice a month for groceries and $1,400 per month for rent.

On July 16, 2009, the juvenile and domestic relations district court issued a child support order deviating from the child support guidelines and ordering father to pay $1,500 per month as of July 1, 2009. Father appealed the ruling to the trial court. The trial court heard from both parties. Mother sought a deviation from the child support guidelines and requested $2,000 per month, in order to maintain the child's standard of living. The trial court ruled that there was insufficient evidence to support a deviation from the child support guidelines and ordered father to pay $1,047.58 per month pursuant to the guidelines. The trial court's order resulted in father having overpaid for four months. Father received a credit of $25 per month until the overpayment was reduced to zero. Mother timely noticed her appeal.

---

[1] Mother has two other minor children, from a previous relationship, who reside with her.

ANALYSIS

Amount of child support

Mother argues that the trial court should have deviated from the child support guidelines. She contends a deviation was in the child's best interests because it would allow them to maintain the same standard of living. Mother requested $2,000 per month in child support so that she could continue to stay home and raise the child.

"[T]here shall be a rebuttable presumption in any judicial or administrative proceeding for child support . . . that the amount of the award which would result from the application of the guidelines set out in § 20-108.2 is the correct amount of child support to be awarded." Code § 20-108.1(B). "In order to rebut the presumption, the court shall make written findings in the order, which findings may be incorporated by reference, that the application of such guidelines would be unjust or inappropriate in a particular case." Id.

"The decision not to deviate from the guidelines is within the trial court's discretion and is to be determined upon consideration of the totality of the circumstances in each case." Rinaldi v. Dumsick, 32 Va. App. 330, 337, 528 S.E.2d 134, 138 (2000).

Here, the trial court found that the evidence presented did not justify "a departure from the child support guidelines based upon the provisions contained in Va. Code § 20-108.1, the best interests of the child, and each party's ability to pay and found that the evidence was lacking to render the application of the guidelines unjust or inappropriate . . . ." The record reflects that the trial court considered the specific circumstances of the parties and declined to deviate from the guidelines.

Mother argues that the trial court should have followed Conway, 10 Va. App. at 658, 395 S.E.2d at 466, wherein this Court stated, "In making an award, the guidelines set forth in Code § 20-108.2 should be viewed by the court as but one part of the equation, together with the

particular facts and circumstances of each individual case, including the standard of living established for the family during the marriage." Although mother and father were not married in this case, mother contends the parties established a standard of living for their child when father consistently paid approximately $2,000 per month for more than one year. She asserts that their child should share in father's "prosperity." Id. at 658, 395 S.E.2d at 466-67.

However, mother's reliance on Conway is misplaced. In Conway, the trial court applied the child support guidelines, and father sought a deviation downward from the guidelines because he had been paying less than the guidelines for years although his income doubled. This Court affirmed the trial court's application of the guidelines because father did not show that the guidelines amount was excessive or that the trial court acted unreasonably. Id. at 658-59, 395 S.E.2d at 467. In this case, mother did not prove that the child support guidelines were "unjust or inappropriate." Code § 20-108.1(B).

The trial court considered all of the evidence and declined to deviate from the child support guidelines. Based on the record, we conclude that the trial court did not abuse its discretion in deciding not to deviate from the child support guidelines.

Burden of proof

Mother argues that the trial court erred by placing the burden of proof on her and by not including in the trial court's record father's petition for child support to show that he filed first in the juvenile and domestic relations district court. Mother asserts that father filed a child support petition before she did, and he appealed the juvenile and domestic relations district court order; therefore, he should have had the burden of proof at the trial court level.

There is no indication in the record that there was any discussion about who had the burden of proof in the trial court. A court reporter was not present, and the written statement of facts did not reflect any discussion on the topic.

- 5 -

Mother filed a motion with the trial court to include father's petition for child support. The trial court denied the motion at a hearing on April 15, 2010. No court reporter was present at this hearing, and the written statement of facts did not include what transpired at this hearing.

An appellant has the responsibility to provide a complete record to the appellate court. Twardy v. Twardy, 14 Va. App. 651, 658, 419 S.E.2d 848, 852 (1992) (en banc). Without a complete record, we are unable to address mother's questions presented.

Moreover, assuming without deciding that there was a discussion about who had the burden of proof, the trial court did not err. The parties agreed that father's income was $133,000 per year and that mother's income was $0. Father argued that the child support guidelines should apply, and mother sought a deviation. The child support guidelines are the presumptive amount. Code §§ 20-108.1 and 20-108.2. Since mother sought to rebut the presumption, she had to present evidence relating to the deviation factors in Code § 20-108.1. The trial court then had to decide whether the evidence was sufficient to prove that application of the guidelines was "unjust or inappropriate." The trial court did not find that the evidence, based on the factors in Code § 20-108.1, warranted a deviation from the guidelines. As stated above, the trial court did not err in making this finding.

### Child support for other children

Mother argues that the trial court erred in ordering her to state how much child support she received for her other children. According to the written statement of facts, the trial court overruled mother's objection to the question of how much child support she received because she included all of her family's expenses, including her other children's expenses, on her income and expense statement.

On appeal, mother asserts the trial court incorrectly considered the other child support figure in determining how much child support to award her for the child of these parties. There

is no indication based on the record before us that mother preserved this issue at trial. We "will not consider an argument on appeal which was not presented to the trial court." Ohree v. Commonwealth, 26 Va. App. 299, 308, 494 S.E.2d 484, 488 (1998).

Moreover, even if mother had preserved the issue, the child support guidelines worksheet attached to the court's order does not include the child support received by mother for her other two children. Therefore, the question presented would be moot.

### Pro se

Mother argues that the trial court abused its discretion in holding her to the same standard as a practicing attorney, although she was proceeding *pro se*. Mother did not present this argument to the trial court. As stated above, we "will not consider an argument on appeal which was not presented to the trial court." Id.; see Rule 5A:18. Accordingly, Rule 5A:18 bars our consideration of this question on appeal. Moreover, a litigant appearing *pro se* "is no less bound by the rules of procedure and substantive law than a defendant represented by counsel." Townes v. Commonwealth, 234 Va. 307, 319, 362 S.E.2d 650, 657 (1987); see also Francis v. Francis, 30 Va. App. 584, 591, 518 S.E.2d 842, 846 (1999) ("Even *pro se* litigants must comply with the rules of court.").

### Overpayment

Mother argues that the trial court erred in finding that father overpaid child support for the months of July, August, September, and October 2009 and allowing father to deduct $25 per month from the child support payment until the overpayment was reduced to zero.[2] Mother asserts that since the trial court made the child support retroactive to July 1, 2009, it affected her ability to meet the "basic needs of the child" by further reducing her child support payment by

---

[2] The trial court found that father overpaid for four months, and the amount of the overpayment was $1,809.68.

$25 per month. Mother contends the child support should have been based on contemporaneous circumstances, including the fact that she had no income.

The juvenile and domestic relations district court ordered that father's child support obligation would be $1,500 per month as of July 1, 2009. On appeal, the trial court ordered that the new child support obligation of $1,047.58 per month would be effective as of July 1, 2009. Since father paid $1,500 for July, August, September, and October 2009, he was entitled to a credit for the overpayment.

"Liability for support shall be determined retroactively for the period measured from the date that the proceeding was commenced by the filing of an action with any court provided the complainant exercised due diligence in the service of the respondent . . . ." Code § 20-108.1(B); see also Cirrito v. Cirrito, 44 Va. App. 287, 309-10, 605 S.E.2d 268, 278-79 (2004).

The trial court followed the statutory mandate and did not err in ordering the commencement date of the child support as of July 1, 2009.

CONCLUSION

For the foregoing reasons, the trial court's ruling is summarily affirmed. Rule 5A:27.

Affirmed.